**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JAN 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SHELBY SELLS,                        )
No. 04134-063                        )
Federal Correctional Complex        )
Box 3000 (MEDIUM)                    )
Forrest City, Arkansas 72336,        )
                                     )
                    Plaintiff,       )
                                     )
            v                        )        CASE No. _____
                                     )
EXECUTIVE OFFICE FOR UNITED          )
STATES ATTORNEYS, Room 7300          )            CASE NUMBER  1:06CV00077
Department of Justice                )
600 E. Street, N.W.                  )            JUDGE: Richard J. Leon
Washington, D. C. 20530,             )
            and                      )            DECK TYPE: FOIA/Privacy Act
DRUG ENFORCEMENT ADMINISTRATION,     )
Department of Justice                )            DATE STAMP: 01/13/2006
Washington, D. C. 20537,             )
            and                      )
CRIMINAL DIVISION OF THE UNITED      )   FREEDOM OF INFORMATION ACT SUIT
STATES DEPARTMENT OF JUSTICE,        )
Keeney Building, Suite 1127          )
950 Pennsylvania Avenue, N.W.        )
Washington, D. C.  20530,            )
            and                      )
BUREAU OF ALCOHOL, TOBACCO,          )
FIREARMS & EXPLOSIVES,               )
Department of Justice                )
Washington, D. C.  20226,            )
            and                      )
FEDERAL BUREAU OF PRISONS,           )
320 First Street, N.W.               )
Washington, D. C.  20534,            )
            and                      )
INTERNAL REVENUE SERVICE,            )
Department of the Treasury           )         C O M P L A I N T
Washington, D. C.  20224,            )
            and                      )
FEDERAL BUREAU OF INVESTIGATION,     )
J. Edgar Hoover Building             )
Department of Justice                )
Washington, D. C.  20535,            )
            and                      )
UNITED STATES MARSHALS SERVICE,      )
Department of Justice                )
Washington, D. C. 20530,             )
                                     )
                    Defendants.)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**RECEIVED**

NOW COMES, Plaintiff, SHELBY WAYNE SELLS, Pro Se, and as and for against the above named defendants, states, claims and alleges as follows :

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Jurisdiction

This Court has jurisdiction over this complaint for judicial review pursuant to the Freedom of Information Act. (5 USC Section 552).

## Venue

Venue is proper and lies in the District of Columbia for all Freedom of Information Act suits.

## Plaintiff

Plaintiff, SHELBY WAYNE SELLS, is a federal prisoner presently housed at the Federal Correctional Complex, Medium Facility, at Box 300, Forrest City, Arkansas 72336.

## Defendants

Defendants, each and every one of them, named in the caption, are "agencies" as defined in the Freedom of Information Act, and are subject to the FREEDOM OF INFORMATION ACT laws.

## COUNT I

1.    By letter dated April 30, 2005, plaintiff requested all records in any way connected to his name from the Defendant EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS (EUOSA).

2.    By letter dated June 6, 2005, the EOUSA advised plaintiff his request was received in order to search the Western District of Oklahoma district.

3.    By letter dated June 6, 2005, the EOUSA advised plaintiff his request was received in order to search the Northern District of Oklahoma district.

4.    By letter dated June 6, 2005, the EOUSA advised plaintiff his request was received in order to search the Eastern District of Oklahoma district.

5.    By letter dated June 21, 2005, the EOUSA advised plaintiff no records were located in the Western District of Oklahoma.

6.    By letter dated June 30, 2005, the plaintiff appealed the no records response by EOUSA to the Western District of Oklahoma to the Office of Information & Privacy (OIP).

7.    By letter dated July 18, 2005 the OIP acknowledged receipt of the no records appeal.

8.    By letter to the OIP dated August 4, 2005, the plaintiff appealed the failure of the EOUSA to process his requests as to records in the Eastern and Northern Districts of Oklahoma within the time limits of the FOIA.

9.    By letter dated August 30, 2005 plaintiff agreed to pay the search fees as to his requests, after having received a letter from EOUSA dated August 26, 2005.

10.    By letter dated September 6, 2005, plaintiff received the acknowledgement from the OIP that his second appeal was received.

11.    Plaintiff has received no further correspondence from the EOUSA or the OIP in connection to his requests and the statutory time limits within which to respond have expired long ago.

12.    EOUSA is in gross violation of the FOIA.

13.    This action is proper to obtain judicial review of the EOUSA action/inaction.

## COUNT II

1.    By letter to the DRUG ENFORCEMENT ADMINISTRATION (DEA) dated April 30,2005, the plaintiff requested all records in any way connected to his name.
2.    By letter to the OIP dated June 15, 2005, the plaintiff appealed the failure by the DEA to respond to his request.
3.    By letter dated June 23, 2005, the DEA advised plaintiff that his request was placed on a list awaiting processing.
4.    By letter dated July 5, 2005, the OIP advised plaintiff that the DEA was yet processing his request.
5.    Plaintiff has received no further correspondence from the DEA or the OIP regarding his requests and appeals and the statutory time limits within which to process his request have long expired.
6.    This action is proper to obtain the judicial review of the DEA action/inaction.

## COUNT III

1.    By letter to the CRIMINAL DIVISION OF THE UNITED STATES DEPARTMENT OF JUSTICE (CRIMINAL DIVISION) dated April 30, 2005, the plaintiff requested all information in any way connected to his name.
2.    By letter dated May 24, 2005 the CRIMINAL DIVISION sent the plaintiff a list of components to check and a form to fill out.
3.    By correspondence dated June 9, 2005, the plaintiff completed the forms and checked the components he wished search and mailed it back to the CRIMINAL DIVISION.
4.    By letter dated June 28, 2005, the CRIMINAL DIVISION acknowledged receipt of the revised request and assigned a number to it.
5.    By letter dated July 30, 2005, the plaintiff appealed the unreasonable delays by the CRIMINAL DIVISION in the processing of his request and the violations of the FOIA time limits within which to do so.
6.    By letter dated August 15, 2005, the CRIMINAL DIVISION via the OIP acknowledged receipt of the appeal.
7.    By letter dated August 30, 2005 the CRIMINAL DIVISION advised the plaintiff no records could be found.
8.    By letter dated September 6, 2005, to the contrary of what the CRIMINAL DIVISION advised plaintiff, the OIP advised plaintiff that the CRIMINAL DIVISION was still processing his request.
9.    CRIMINAL DIVISION is in violation of the FOIA.
10.   This action is proper to obtain judicial review of the action/inaction of the CRIMINAL DIVISION.

## COUNT IV

1.    By letter dated April 30, 2005 tothe BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES (ATF) the plaintiff requested all records in any way connected to his name.
2.    By letter dated May 20, 2005, the ATF acknowledged receipt of the plaintiff's request.
3.    By letter dated June 22, 2005 the ATF advised the plaintiff that his request was still being processed.
4.    By letter to OIP dated August 5, 2005 the plaintiff appealed the unreasonable delays by ATF in the processing of his request.

-3-

5.    By letter dated September 6, 2005 the OIP acknowledged
receipt of the appeal.
6.    By response dated September 8, 2005 the ATF released certain
information to plaintiff and withheld certain records by use of
certain exemptions of the FOIA.
7.    Plaintiff appeal the blanket denials and arbitrary and capricious
use of the exemptions to withhold information to the OIP by letter
dated September 27, 2005.
8.    Plaintiff to date has not received any further correspondence
from the ATF or OIP regarding his request and appeals.
9.    ATF is in violation of the FOIA.
10.   This action is proper to obtain judicial review of the ATF
action/inaction.

## COUNT V

1.    By letter to the FEDERAL BUREAU OF PRISONS (BOP) dated April
30, 2005, the plaintiff requested all information in any way
connected to his name.
2.    By letter dated May 19, 2005 the BOP advised plaintiff he may
review his files locally.
3.    By letter dated May 24, 2005, the BOP released certain records
to the plaintiff and withheld some records pursuant to the use of
exemptions of the FOIA.
4.    By letter to OIP dated June 4, 2005, the plaintiff appealed the
withholdings by the BOP as arbitrary and capricious.
5.    By letter dated June 22, 2005 the OIP acknowledged receipt of
the appeal.
6.    Plaintiff received no further correspondence from the BOP or
the OIP regarding his requests or appeals.
7.    BOP is in violation of the FOIA.
8.    This action is proper to obtain judicial review of the BOP
action/inaction.

## COUNT VI

1.    By letter dated April 30, 2005 to the INTERNAL REVENUE SERVICE
(IRS) plaintiff requested certain information for IRS.
2.    By letter dated June 15, 2005 to the IRS plaintiff appealed the
failure of IRS to respond to his request to IRS.
3.    By letter dated July 25, 2005 plaintiff's appeal was denied by
the IRS.
4.    IRS is in violation of the FOIA.
5.    This action is proper to obtain judicial review of the IRS
action/inaction.

## COUNT VII

1.    By letter dated April 30, 2005, the plaintiff requested all
information in any way connected to his name in the possession of
the FEDERAL BUREAU OF INVESTIGATION (FBI) in Washington, D.C.
2.    By letter dated April 30, 2005 the plaintiff requested all
information in any way connected to his name in the FBI Field Office
in Oklahoma City, Oklahoma.

-4-

3.   By letter dated May 17, 2005 the FBI acknowledge receipt of
the request to the Oklahoma City Field Office.
4.   By letter dated May 25, 2005, the FBI acknowledged receipt
of the request to the FBI Central Office in Washington, D.C.
5.   By letter dated June 3, 2005 the FBI notified plaintiff that
it could not locate any records pertaining to him in the Oklahoma
City Field Office of the FBI.
6.   By letter to the OIP dated June 11, 2005 the plaintiff appealed
the no records response concerning the Oklahoma City Field Office
request.
7.   By letter dated June 22, 2005, the OIP acknowledged receipt of
the appeal.
8.   Plaintiff has received no further correspondence from the FBI
or the OIP concerning his requests or appeals.
9.   FBI is in violation of the FOIA.
10.  This action is proper to obtain judicial review of the FBI
action/inaction.

## COUNT VIII

1.   By letter dated April 30, 2005 to the UNITED STATES MARSHALS
SERVICE (USMS) plaintiff requested all records in any way connected
to his name.
2.   By letter dated May 11, 2005 the USMS acknowledged receipt of
the plaintiff's request.
3.   By letter to OIP dated July 23, 2005 the plaintiff appealed
the unreasonable delay by USMS in processing his request.
4.   By letter dated August 15, 2005, the OIP acknowledged receipt
of the plaintiff's appeal.
5.   By response dated November 10, 2005 the USMS released certain
information to plaintiff and withheld some per use of certain
exemptions of the FOIA.
6.   By letter dated November 16, 2005 to OIP plaintiff appealed
the withholdings as arbitrary and capricious action by USMS.
7.   USMS is in violation of the FOIA.
8.   This action is proper to obtain judicial review of the USMS
action/inaction.

## LEGAL CLAIMS

Each and every defendant named herein is in violation of the FOIA.

WHEREFORE, Plaintiff prays for the following relief:

1

These proceedings be ordered expedited according to the provisions
of the FOIA;

2

That each and every agency named above be declared in violation
of the FOIA;

3

Order plaintiff immediate access to the withheld records in the
case of each and every defendant agency named above;

4

Grant plaintiff his reasonable attorneys/researchers/clerical fees and costs incurred;

5

Upon finding of intentional withholding of requested information by any agency or employee thereof, imposition of sanctions and punitive damages be awarded plaintiff accordingly;

6

Grant any further relief this Court deems just and proper.

Respectfully Submitted this ___19th___ day of November, 2005.

By _____

SHELBY WAYNE SELLS, Pro Se
04134-063
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

-6-