IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY SELLS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EXECUTIVE OFFICE FOR THE U.S. ATTORNEY, et. al )<br>)<br>Defendant. )<br>) | 06-0077 (RJL) |

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am Associate General Counsel and the Freedom of Information/Privacy Act (FOI/PA) Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel (OGC), in Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S. C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

2. On May 10, 2005, the USMS received a letter from plaintiff dated April 30, 2005, by which he requested a copy of all records pertaining to him. (See Exhibit A.)

3. The USMS acknowledged receipt of plaintiff's request by letter dated May 11, 2005, advised him that a search for responsive documents had commenced, and that he would be contacted when the processing of his request was completed. (See Exhibit B.)

4. The search for records pertaining to plaintiff was conducted in the USMS district offices for the locations identified in his request, i.e., the Northern District of Oklahoma, the Eastern District of Oklahoma, and the Western District of Oklahoma. To aid in the search, these offices were provided plaintiff's date and place of birth, social security number, and prisoner number, all of which information was furnished by plaintiff. The USMS searched in all locations that could reasonably be expected to contain responsive documents.

5. As a result of this search, one-hundred forty-two (142) pages of records pertaining to plaintiff were located by the USMS office in the Eastern District of Oklahoma in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, systems of records. Records maintained in these systems are compiled for law enforcement purposes in connection with the USMS receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. See Rule 4, Fed. R. Cr. Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(a),(j), (k), (q). As such, these systems of records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2). See 28 C.F.R. § 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to the FOIA, 5 U.S.C. § 552.

6. On August 2, 2005, OIP received a letter from plaintiff dated July 23, 2005 appealing

the Marshals Service inaction in response to his request. OIP acknowledged plaintiff's appeal on August 15, 2005. (See Exhibit C).

7. By letter dated November 10, 2005, the USMS provided a response to plaintiff's request based on its search. The USMS informed plaintiff in this response that after conducting the search of its files, one-hundred forty-two (142) pages of documents had been located which were responsive to his request. Of the one-hundred forty-two (142) pages, seventy-five (75) pages originated with or had information that originated with other agencies. In particular, three (3) pages were referred to the Bureau of Prisons, sixteen pages (16) were referred to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, forty-four pages (44) were referred to the Executive Office for U.S. Attorneys, and twelve (12) were referred to the Federal Bureau of Investigation. The USMS disclosed sixty-seven (67) pages of documents to plaintiff on November 10, 2005 and made a supplemental disclosure of twelve (12) pages after consultation with the FBI on February 8, 2006; sixty-five (65) pages were released entirely, fourteen (14) pages were released with information excised and withheld pursuant to exemption 7(C). (See Exhibit D)

*[handwritten margin note: 67 BUSMS / 12 FBI / 79 total]*

8. On November 29, 2005, OIP received a letter from plaintiff dated November 16, 2005 appealing the Marshals Service action in response to his request. OIP acknowledged plaintiff's appeal on December 6, 2005. (See Exhibit E).

9. The USMS received the instant judicial complaint on February 7, 2006.

## Exemption

10. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption

was applied to withhold the names of law enforcement officers and other government employees, and names, and other information pertaining to third-party individuals, including prisoners other than plaintiff. Plaintiff presents no public interest to warrant disclosing the names of law enforcement officers, and other government employees nor does the USMS believe that public disclosure of this information is warranted. Conversely, there is a legitimate public interest in promoting the efficient performance of official duties which is fostered by shielding government employees from unnecessary public attention, harassment, and annoyance or possible danger. Additionally, one who serves as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of their official duties. Public identification of these law enforcement officers and other government employees could subject them to harassment and unwarranted scrutiny, both in the course of performing their official duties and in their private lives, and could possibly pose a danger to their life or physical safety. Therefore, the public interest weighs in favor of non-disclosure to foster privacy and the efficient performance of official duties regarding the receipt, processing, transportation and custody of prisoners, the execution of Federal arrest warrants, and the investigation of fugitive matters. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552 (b)(7)(C).

11. Similarly, plaintiff presented no public interest in disclosure of the names of and information pertaining to third-party individuals, including other prisoners. Further, he provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA, i.e., to shed light on an agency's performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, could

reasonably be expected to constitute an unwarranted invasion of personal privacy since no legitimate public interest would be served by disclosure. To the contrary, disclosure could subject them to harassment and unwarranted scrutiny for having been associated with a criminal investigation or the detention of a federal criminal defendant. 5 U.S.C § 552(b)(7)(C).

12. A description of the fourteen (14) pages including eleven (11) pages of documents released to plaintiff on November 10, 2005 and the three (3) pages of documents released to plaintiff on February 8, 2005, with excisions made pursuant to 5 U.S.C. § 552 (b)(2) and (b)(7)(C) is provided as follows:.

13. **Documents Disclosed with Information Deleted and Withheld**

| **Document Item** | **Document Identification** | **No. of Pages** |
|---|---|---|
| **Item 1:** | **National Crime Information Center Reports** dated August 5, 2003 and November 19, 2003, respectively | |
| Exemption(s): | 7(C) - names of Marshal Service employees | 3 |
| **Item 2:** | **Justice Prisoner Alien Transportation System Issued Manifest Report** dated June 30, 2004 | |
| Exemption(s): | 7(C) - name and other information pertaining to other prisoners and name and telephone number of a Marshals Service Employee | 1 |
| **Item 3:** | **Medical Summary of Federal Prisoner/Alien in Transit, Form USM-553,** dated June 15, 2004 | |
| Exemption(s): | 7(C) - names and information of third-party individuals | 1 |
| **Item 4:** | **Email** dated June 22, 2004 | |
| Exemption(s): | 7(C) - names of government employees and a prisoner other than plaintiff | 1 |

| | | |
|---|---|---|
| **Item 5:** | **Federal Prisoner's Property Receipt, Form USM-18** dated January 26, 2004 | |
| Exemption(s): | 7(C) - names of law enforcement officers | 1 |
| **Item 6:** | **Criminal Notice, U.S. District Court for the Eastern District of Oklahoma** dated August 11, 2003 | |
| Exemption(s): | 7(C) - handwritten information pertaining to another prisoner | 1 |
| **Item 7:** | **Prisoner Medical Records Release Form,** Form USM-552, dated July 18, 2003 | |
| Exemption(s): | 7(C) - name of a law enforcement officer | 1 |
| **Item 8:** | **Fingerprint Cards,** page 2, dated July 18, 2003, and August 6, 2003, respectively | |
| Exemption(s): | 7(C) - names of law enforcement officers | 2 |
| **Item 9 :** | **Personal History Defendant, Form USM-312** dated July 22, 2003 | |
| Exemption(s): | 7(C) - names and information of third-party individuals | 1 |
| **Item 10:** | **Warrant Information Network Report,** page 2, dated November 19, 2003 | |
| Exemption(s): | 7(C) - names law enforcement officers | 2 |

14. In summary, a total of one-hundred forty-two (142) pages were located pertaining to plaintiff, seventy-five (75) pages were referred to the originating agencies, i.e., the Federal Bureau of Prisons (BOP), the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the Executive Office for U.S. Attorneys, and the Federal Bureau of Investigation for disclosure determination and direct response to plaintiff. Of the seventy-nine (79) pages released to

plaintiff, sixty-five (65) pages were released entirely and fourteen (14) pages were released with information redacted and withheld pursuant to exemption 7(C) of the FOIA, 5 U.S.C. § 552 (b)(7)(C).

15. All non-exempt portions of USMS documents pertaining to plaintiff have been segregated and released to him.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my information and belief.

| | |
|---|---|
| FEB 2 2 2006 | *[signature]* |
| Date Executed | WILLIAM E. BORDLEY |

To: __Director_____  Date: __April 30, 2005__

United States Marshals Service

Department of Justice

Washington, D. C.  20530

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

Please search the Districts of Sallisaw, Muskogee, Tulsa, El Reno and Oklahoma City, Oklahoma.

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME ___SHELBY WAYNE SELLS_____

DATE OF BIRTH : ___December 7, 1944_____

PLACE OF BIRTH : ___Sallisaw, Oklahoma_____

SOCIAL SECURITY NUMBER: ___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_____

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this __30th__ day of ___April___, __2005__.

                            By X __/s/ Shelby Sells_____

                                      Affiant Herein

(28 USC Section 1746)

Name: ___SHELBY SELLS_____

Reg. No. ___04134-063_____

**EXHIBIT A**

RECEIVED USMS EXECUTIVE SECRETARIAT 2005 MAY 10 PM 12: 27

MAY 1 1 2005

Shelby W. Sells
Reg. No. 04134-063
Federal Correctional Complex (Medium)
POB 3000
Forrest City, AR 72335

    Re:    Freedom of Information/Privacy Act Request No. 2005USMS8379
            Subject of Request:   Self

Dear Mr. Sells:

    The United States Marshals Service is in receipt of your Freedom of Information/Privacy Act request for records maintained by this Bureau. We have commenced a search for documents responsive to your request in the Western District of Oklahoma; the Northern District of Oklahoma; and the Eastern District of Oklahoma and will contact you when our processing is complete.

    Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

                                 Sincerely,

                                   **ARLETA D. CUNNINGHAM**
                                   Acting FOI/PA Officer
                                   Office of General Counsel

                                  **EXHIBIT B**



U.S. Department of Justice

Office of Information and Privacy

---

Telephone: (202) 514-3642                                Washington, D.C. 20530

AUG 15 2005

Mr. Shelby Sells
Register No. 04134-063
F.C.C. - Forrest City
P.O. Box 3000-Med
Forrest City, AR  72336

    Re:  Request No. 2005USMS8379

Dear Mr. Sells:

    This responds to your letter dated July 23, 2005, in which you sought to appeal from the failure of the United States Marshals Service to respond to your request for access to records.

    I have notified the USMS of your communication. It is my understanding that the USMS is still processing your request. Although the Act authorizes you to treat the failure of the USMS to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the USMS. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the USMS completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the USMS's substantive action on your request.

    In the event that the USMS still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                                       Sincerely,

                                       Richard L. Huff
                                       Co-Director

RLH:PAJ:CIH

USMS                                            **EXHIBIT C**

FOIA APPEAL                    Date: July 23, 2005

To: __Co-Director_____
__Office of Information & Privacy__      RE: FOIA to __USMS_____
__Department of Justice_____      Request No. __2005USMS8379__
__FLAG BUILDING, Suite 570_____      Date of Request: __4/30/05__
__Washington, D. C.  20530_____

Dear Sir:

   This is an appeal under the Freedom of Information Act.
   Please review the action or inaction of the following agency:
__United States Marshals Service____ in conjunction to my request for records.
        (check appropriate box or boxes below)

___    The agency has not responded and the time limits within which
       to do so has expired.
___    The agency has claimed that no records could be found and
       I want to appeal that "no records" response.
___    The agency has blanket denied release of records.
___    The agency has released certain records and withheld some
       by claiming certain exemptions.
___    The agency has withheld certain records but has not claimed
       any exemptions or stated any reason for the deletions.
___    The agency has claimed there are no records available or
       they have been destroyed and I believe they have not made
       a sufficient search.
___    The agency has stated records were destroyed but has not
       stated where, how, when and for what reason and by whome
       they were destroyed and under what provision of the law.
_X_    I believe the agency action or inaction otherwise unjust
       for the following reason :
I appeal the unreasonable delay and the violations of the statutory
time limits of the FOIA by the USMS in processing my request.

_____

   Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
   The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                    Sincerely,
                                  X __Shelby Sells_____
   OFFICE OF INFORMATION             (name) __Shelby Sells__
       AND PRIVACY                   (No.) __04134-063__
      AUG 0 2 2005                   Federal Correctional Complex
                                     Box 3000 (MEDIUM)
      RECEIVED                       Forrest City, Arkansas 72336

cc: file
NOTICE: Failure to respond to this administrative appeal in a
        timely manner will result in civil action suit.

NOV 10 2005

Shelby Sells
Reg. No. 04134-063
FCC - Forrest City
POB 3000 - Med
Forrest City, AR   72336

      Re: **Freedom of Information/Privacy Act Request No. 2005USMS8379**
          **Subject of Request:   Self**

Dear Mr. Sells:

      The United States Marshals Service is responding to your request for all information in this agency's files pertaining to the above subject.

      Pursuant to your request, [X] the Marshals Service conducted a search of its files and located documents responsive to your request, or [ ] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you. The paragraphs checked below apply:

[X]   Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component (s) of the Department of Justice or with (an)other government agency(ies).

      [ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy your request have been referred to the originator(s) for consultation in accordance with 28 CFR. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

      [X] Records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for disclosure determination and direct response to you in accordance with 28 CFR. § 16.4 and/or § 16.42.

**EXHIBIT D**

[X] If you are dissatisfied with my action on this request, you may appeal this partial denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530, within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information/Privacy Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

                Sincerely,

                **WILLIAM E. BORDLEY**
                Associate General Counsel/FOIPA Officer
                Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located and/or referred from another agency: | 142 |
| Number of Documents Released: | 67 |
| Number of Documents Referred to another agency: | 75 |
| Number of Documents Withheld: | 0 |

Freedom of Information Act      Privacy Act
5 U.S.C. § 552                    5 U.S.C. § 552a

    Exemptions cited                                    Description of Information Withheld:

[ ] (b)(1)  [ ] (b)(2)  [ ] (b)(3)     [ ] (d)(5)  [ ] (j)(2)      [ ] Administrative marking(s)
[ ] (b)(4)  [ ] (b)(5)  [ ] (b)(6)     [ ] (k)(1)  [ ] (k)(2)     [X] Names of and/or information on
[ ] (b)(7)(A)  [ ] (b)(7)(B)  [ ] (k)(5)  [ ] (k)(6)              government employees
[X] (b)(7)(C)  [ ] (b)(7)(D)                         [X] Names of and/or information
[ ] (b)(7)(E)  [ ] (b)(7)(F)                            pertaining to third-party individual(s)
                                                                  [X] Names of and/or information
                                                                  pertaining to other prisoners
                                                                  [ ] Confidential source information
                                                                  [ ] Other:_____

FREEDOM OF INFORMATION ACT
5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are--

(b)(1) specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2) related solely to the internal rules and practices of an agency;

(b)(3) specifically exempted from disclosure by another statute;

(b)(4) privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5) predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6) personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
5 U.S.C. § 552a

(d)(5) Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

**Further, an agency may exempt from the access provisions and other provisions of the Privacy Act:**
(j)(2) Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1) Material specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2) Material compiled during civil investigations for law enforcement purposes;

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6) Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

---

*Washington, DC 20530-1000*

FEB   8 2006

Shelby Sells
Reg. No. 04134-063
FCC - Forrest City
POB 3000 - Med
Forrest City, AR   72336

Re:   **Freedom of Information/Privacy Act Request No. 2005USMS8379**
      **Subject: Self**

Dear Mr. Sells:

The United States Marshals Service is making a supplemental disclosure of 12 documents pursuant to your request for records in this agency's files pertaining to you. These documents originated with the Federal Bureau of Investigation (FBI), however, they contain information which originated with the Marshals Service (USMS) as referenced in our letter to you dated November 10, 2005.

After consultation with the FBI, these documents are being disclosed to you with deletions. The names of USMS personnel have been deleted pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. § 552(b).

Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that the production of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. No other deletions have been made and the above-mentioned three documents are enclosed.

Please find the above-mentioned documents enclosed.

Appeal procedures are not contained in this response as this matter is in litigation.

Sincerely,

*Margaret Woods*
WILLIAM E. BORDLEY
Associate General Counsel/FOI/PA Officer
Office of General Counsel

Enclosure



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*  *Washington, D.C. 20530*

DEC 0 6 2005

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex
P.O. Box 3000, Medium
Forrest City, AR 72336

    Re: Request No. 2005USMS8379

Dear Mr. Sells:

    This is to advise you that your administrative appeal from the action of the United States Marshals Service on your request for information from the files of the Department of Justice was received by this Office on November 29, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0598**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

    Sincerely,

    *Nakietha Gilbert*
    for Priscilla Jones
    Chief, Administrative Staff

**EXHIBIT E**

USMS

Rec'd 11-29-05

**FOIA APPEAL**

Date: 11/16/05

To: CO-DIRECTOR,
Office of Information + Privacy
Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

RE: FOIA to USMS
Request No. 2005USMS8379
Date of Request: 11/10/05
(Release Dated)

Dear Sir:

This is an appeal under the Freedom of Information Act. Please review the action or inaction of the following agency: USMS in conjunction to my request for records.
(check appropriate box or boxes below)

____ The agency has not responded and the time limits within which to do so has expired.

____ The agency has claimed that no records could be found and I want to appeal that "no records" response.

____ The agency has blanket denied release of records.

__X__ The agency has released certain records and withheld some by claiming certain exemptions.

____ The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

____ The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search.

____ The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law.

____ I believe the agency action or inaction otherwise unjust for the following reason:

_____
_____
_____

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction.
The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,
X _Shelby Sells_
(name) Shelby Sells
(No.) 09134-063
Federal Correctional Complex
Box 3000 (MEDIUM)
Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

NOV 29 2005

RECEIVED

cc: file

NOTICE: Failure to respond to this administrative appeal in a timely manner will result in civil action suit.