UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY SELLS )<br>)<br>Plaintiff )<br>)<br>v. )<br>) Civil Action No. 05-2363 JR<br>EXECUTIVE OFFICE FOR THE )<br>UNITED STATES ATTORNEYS, *et al.* )<br>)<br>Defendant )<br>_____ ) | |

### DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct, to the best of my knowledge and belief, either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted to and a member in good standing of the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibility are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on

issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

8. As the DEA Privacy Officer, I became familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records. The support also includes the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, as relates to the Plaintiff's FOIA complaint, I personally conducted a litigation review of the contents of the files and records maintained by the DEA Freedom of Information Operations Unit (SARO).

10. SARO is the DEA office responsible for responding to, searching for, processing and the releasing of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the searching, processing and releasing of information responsive to FOI/PA requests received by the DEA.

11. The purpose of this declaration is to respond to provide the status of the Plaintiff's Freedom of Information Act request dated April 30, 2005.

12. By letter dated April 30, 2005, the plaintiff requested "a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely reference to my name" and for which he provided particulars that included "[a]ll criminal investigatory and forfeiture r records compiled in the State of Oklahoma." A copy of the plaintiff's letter dated April 30, 2005, is attached as Exhibit A.

13. By letter dated June 23, 2005, DEA acknowledged the receipt of the plaintiff's request and informed him that it would be processed in order of receipt. A copy of the DEA letter, dated March 22, 2006, is attached as Exhibit B.

14. By letter dated June 15, 2005, the plaintiff' appeal the DEA failure to respond to his request to the Department of Justice, Office of Information and Privacy (OIP). A copy of the Plaintiff's letter dated June 15, 2005, is attached as Exhibit C.

15. By letter dated letter dated July 5, 2006, OIP acknowledged the receipt of the plaintiff's appeal and informed him that DEA was still processing his request. Plaintiff was also informed that the FOIA authorized him to treat the failure to respond within the specified time limits as a denial. A copy of the OIP letter is attached as Exhibit D.

16. The plaintiff's request was interpreted as a request for information contained in DEA criminal investigative files. The acknowledging and commencement of the processing of the plaintiff's request was delayed by the installation of software and hardware associated with the

SARO case assignment, tracking and processing system. Since five (5) of the six (6) Headquarters investigatory case files were stored in long term storage, additional delays occurred.

17. At the time DEA received the plaintiff's complaint, the Headquarters investigatory files were obtained, responsive information was identified and copied and the material was being reviewed by SARO personnel.

18. Upon conducting a litigation review, it was noted that, in addition to information that was maintained in the DEA Headquarters files, the plaintiff had specifically requested information that was maintained in field files and forfeiture files. Given the number of files and their location, the plaintiff should have been informed of the fee associated with the processing of his request and deficiencies in the identification of the forfeiture records that he was requesting.

19. With regard to asset forfeiture records, DEA was unable, based upon the information that the plaintiff provided, to identify any records that the plaintiff may have been requesting. To retrieve asset forfeiture records, a description of the asset with the date and place of the seizure, or the DEA asset forfeiture number is required. Since the plaintiff failed to provided any of the required information, it is impossible to search for or retrieve responsive records.

20. A total of six 6 investigative case files maintained in IRFS were identified as having information that mention the plaintiff or in which he was identified as the subject or defendant. These investigative case files date back to about 1985.

21. Since the estimated fee exceeds $250.00, the Department of Justice Rules, contained in 28 C.F.R. § 16.11 (i)(2), provide that requesters without a history of payment of fees will make an advance payment.

22. By letter dated March 30, 2006, the plaintiff was informed of the estimated fee, and that additional information was necessary to identify and locate asset forfeiture records. DEA is awaiting the plaintiff's response to the fee request. A copy of the DEA letter is attached as Exhibit E.

23. The plaintiff was allowed 45 days to respond to the fee request or to reformulate his request.

24. Upon receipt of payment, DEA will initiate further processing of the plaintiff's request.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_March 30, 2006_
DATE

_William C. Little, Jr._
William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

To: Director                                                              Date: April 30, 2005

Drug Enforcement Administration

Department of Justice

Washington, D. C. 20537

Dear Sir:

    This is a request under the Freedom of Information Act.

    I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

    The following particulars may assist you in your search:

All criminal investigatory and forfeiture records compiled in the State of Oklahoma

    I will pay reasonable search and reproduction fees.

    My biographical data is as follows:

FULL NAME: SHELBY WAYNE SELLS

DATE OF BIRTH: December 7, 1944

PLACE OF BIRTH: Sallisaw, Oklahoma

SOCIAL SECURITY NUMBER: 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

    I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 30th day of April, 2005

By X *[signature]* Shelby Sells
                  Affiant Herein

(28 USC Section 1746)

Name: SHELBY SELLS

Reg. No. 04134-063

*Exhibit A*

**U.S. Department of Justice**
Drug Enforcement Administration

June 23, 2005

Case Number: 05-1034-P

Subject of Request: SELLS, SHELBY

SHELBY SELLS
REG. NO. 04134-063
FCI FORREST CITY
P.O. BOX 3000
FORREST CITY, AZ 72335

Dear SHELBY SELLS:

The Drug Enforcement Administration (DEA) has received your Freedom of Information/Privacy Act (FOI/PA) request and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3(c)).

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of all applicable fees, and payment will be required prior to release of any records. If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick,
Chief, Operations Unit
FOI/Records Management Section

Exhibit B

6/23/05       05-2126   PA (F)

# FOIA APPEAL

DEA

To: __Co-Director__                              Date: __June 15, 2005__

__Office of Information & Privacy__

__Department of Justice__                        RE: FOIA to _____  DEA #05-1034-P

__FLAG BUILDING, Suite 570__                     Request No. __4/30/05__   Still Pending

__Washington, D.C. 20530__

no request # listed

Dear Sir:

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency:
__Drug Enforcement Administration__ in connection to my request for records.

(check appropriate box or boxes below)

__X__   The agency has not responded and the time limits within which to do so has expired.

_____   The agency has claimed that no records could be found and I want to appeal that "no records" response.

_____   The agency has blanket denied release of all records.

_____   The agency has released certain records and withheld some by claiming certain exemptions.

_____   The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions.

_____   I believe the agency action or inaction otherwise unjust for the following reason:

_____

_____

Appellant believes the agency has acted arbitrary and/or capricious and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits within the parameters of the exemptions claimed. Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support to justify any withholdings.

OFFICE OF INFORMATION
AND PRIVACY

cc: file   JUN 23 2005

RECEIVED

Sincerely,

X __Shelby Sells__
Shelby Sells/04134-063
Box 3000, Forrest City, Arkansas 72336

Exhibit C



**U.S. Department of Justice**

Office of Information and Privacy

*denise*

Telephone: (202) 514-3642          Washington, D.C. 20530

JUL 0 5 2005

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex - Medium
P.O. Box 3000
Forrest City, AR 72336

    Re: Request No. 05-1034-P

Dear Mr. Sells:

    This responds to your letter dated June 15, 2005, in which you sought to appeal from the failure of the Drug Enforcement Administration to respond to your request for access to records.

    I have notified the DEA of your communication. It is my understanding that the DEA is still processing your request. Although the Act authorizes you to treat the failure of the DEA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the DEA. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the DEA completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the DEA's substantive action on your request.

    In the event that the DEA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                        Sincerely,

                        Richard L. Huff
                        Co-Director

RLH:PAJ:CIH

DEA

*Exhibit D*



**U.S. Department of Justice**

Drug Enforcement Administration

---

www.dea.gov

MAR 3 0 2006

Shelby Sells
Registration No. 04134-063
Federal Correctional Complex, Unit B-1
Box 3000
Forrest City, Arkansas 72336

Re: *Shelby Sells v. Executive Office for the U.S. Attorneys, et al.*, CA No. 06-0077 (RJL)

Dear Mr. Sells:

    This letter is in further response to your April 30, 2005, letter addressed to the Drug Enforcement Administration (DEA). As a matter now in litigation, the review, determinations, processing and release of information is the responsibility of the Office of Chief Counsel and the attorney assigned to the matter.

    Based upon the contents of your letter, your request is interpreted as a request for information contained in DEA criminal investigative files and information related to the seizure of assets that were associated with your name. You also specifically stated that you wished to have these records that were "compiled in the State of Oklahoma." Criminal investigative information maintained by DEA is contained in the DEA Investigative Reporting and Filing System (IRFS). IRFS is a Privacy Act System of Records and is exempt, pursuant to 28 C.F.R. § 16.98, from the access provisions and the limitation on fees. *See also* 28 C.F.R. §. 16.49. Consequently, the information that you receive is only that which is required by the Freedom of Information Act and you are assessed a fee for search and duplication.

    With regard to asset forfeiture records, DEA is unable, based upon the information that you provided, to identify any records that you may be requesting. To retrieve asset forfeiture records, a description of the asset with the date and place of the seizure, or the DEA asset forfeiture number is required. Since you have failed to provided any of the required information, it is impossible to search for or retrieve responsive records.

    The practical means by which information contained in the DEA IRFS is retrieved is through the Narcotics and Dangerous Drug Information System (NADDIS) by entering an individual's name, social security number and date of birth. A NADDIS query was executed and a total of 5 investigative case files maintained in IRFS were identified as having information that mention you or in which you are identified as the subject or defendant. These investigative case files date back to about 1987. It also appears from your request, that you wish to have DEA field activity files located in Oklahoma searched for responsive records. Although the DEA Headquarters file is the official file, there may be records that are maintained in the field file that mention your name that are not maintained in the DEA Headquarter's file.

*Exhibit E*

Shelby Sells                                                                                    Page 2
March 30, 2006

     To conduct a search for, process and duplicate records, substantial government resources are expended in providing access to agency records. Each DEA Headquarter's investigative file takes approximately two hours to hand search and locate responsive records. To search each field file, requires an additional two (2) hours per file. Time is billed at the rate of $28.00 per hour. It is estimated that the fee assessed for to search 5 headquarters and field files is approximately $784.00. You are entitled to two (2) hours search, or copies of 100 pages, or a combination free of charge. The two hours of search free of charge was deducted from the total.

     Since the estimated fee exceeds $250.00, the Department of Justice Rules, contained in 28 C.F.R. 16.11 (i)(2), provides that requesters without a history of payment of fees will make an advance payment. Be advised that a complete search of files in which you may be mentioned does not guarantee that records will be released, since some, all or portions of the records may withheld pursuant to exemptions to the FOIA. Please remit the stated amount making the **certified check or money order** payable to the Treasury of the United States. Upon receipt of your payment, DEA will initiate further processing of your request. However, if this office does not receive your payment within forty-five days (45), DEA will assume that you do not wish that DEA conduct the search for records responsive to your request.

     As provided by Federal Regulation, you are afforded the opportunity to reformulate your request in such a manner as to reduce the search and reproduction fees. This could be accomplished by narrowing the scope of your request; specifying the type of documents that you desire, the time frame or incident about which you are interested or noting a specific investigation that concerned or involved the subject of your request. However, DEA cannot locate specific investigative files based upon a criminal court docket or case number. Should you wish to reformulate your request, please advise within 45 days of the receipt of this letter.

                                     Sincerely,

                                       William C. Little, Jr.
                                     Senior Attorney
                                     Administrative Law Section

cc: CCA Chron
    CCA File
    Document name: H:/wclittle/MyDocuments/litigation/Sells/FeeLtr.wpd:03/22/06