UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Shelby Sells, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  06-0077 (RJL) |
| | ) | |
| U.S. Department of Justice, | ) | |
| Bureau of Alcohol, Tobacco, Firearms | ) | |
| and Explosives, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1.  I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ).  In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a.   In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests.  I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF and to other agencies, and recording all administrative appeals filed with ATF.

2.  I declare that the statements made in this Declaration are on the basis of knowledge acquired by me in the performance of my official duties.

3.  I am familiar with the procedures followed by this office in responding to the FOIA request made by Mr. Shelby Sells.

## Chronology

4.  On May 19, 2005, ATF's Disclosure Division received by mail a letter from Mr. Sells dated April 30, 2005. By said letter Mr. Sells made a FOIA request for "all criminal investigatory and forfeiture records compiled in the State of Oklahoma" regarding himself. A copy of the April 30, 2005, letter is attached as Exhibit A.

5.  By letter dated May 20, 2005, the Disclosure Division acknowledged receipt of Mr. Sells April 30, 2005, FOIA request.   A copy of the May 20, 2005, letter is attached as Exhibit B.

6.  By letter dated June 22, 2005, the Disclosure Division advised Mr. Sells that his FOIA request was being processed and it was anticipated a release would be made on or around July 21, 2005.  A copy of the June 22, 2005, letter is attached as Exhibit C.

7.  On August 23, 2005, the Office of Information and Privacy (OIP) received a letter from Mr. Sells dated August 5, 2005, appealing ATF's failure to respond within the prescribed FOIA time limits. A copy of the August 5, 2005, letter is attached as Exhibit D.

8.  On September 6, 2005, OIP responded to Mr. Sells and informed him that ATF's Disclosure Division was currently processing his request. As such, OIP asked Mr. Sells for understanding and that upon request OIP would review any of ATF's substantive actions taken as part of their release. Finally, OIP advised Mr. Sells that in the event he does not receive an immediate response from ATF he may bring an action in District court. A copy of the September 6, 2005, letter is attached as Exhibit E.

9.  By cover-letter dated September 8, 2005, the Disclosure Division granted Mr. Sells'

2

request in part. The Disclosure Division redacted and withheld some records pursuant to FOIA Exemptions (b) (2), (b)(5) , (b) (7) (C), (b)(7)(D), and (b)(7)(E). Furthermore, the Disclosure Division provided Mr. Sells with instructions on how to make an administrative appeal. A copy of the September 8, 2005, letter is attached as Exhibit F.

10. On October 12, 2005, OIP received a letter from Mr. Sells dated September 27, 2005, appealing the Exemption's utilized in ATF's September 8, 2005, release. A copy of the September 27, 2005, letter is attached as Exhibit G.

11. By memorandum dated November 10, 2005, the United States Marshals Service (USMS) informed ATF that in the course of processing a FOIA request from Mr. Sells 16 documents originating from ATF were located. These documents were provided to ATF for processing and direct response to Mr. Sells. A copy of the November 10, 2005, memorandum is attached as Exhibit H.

12. On, or around, November 22, 2005, the Disclosure Division sent Mr. Sells eight pages referred to ATF by USMS for processing and direct response. The Disclosure Division redacted and withheld some records pursuant to FOIA Exemption (b) (7) (C). The remaining pages USMS referred to ATF were duplicative of documents previously provided to Mr. Sells by the Disclosure Division on September 8, 2005. Additionally, the Disclosure Division provided Mr. Sells with instructions on how to make an administrative appeal. A copy of the USMS referral release is attached as Exhibit I.

13. On December 7, 2005, OIP received a letter from Mr. Sells dated November 28, 2005, appealing the Exemption's utilized in ATF's November 22, 2005, release. A copy of the November 28, 2005, letter is attached as Exhibit J.

14. Upon receipt of the Complaint an extensive review of the Disclosure Division's file was conducted, it was determined that in the two instances where Exemption (b)(7)(E) was invoked information could be released. As such, on March 16, 2006, the Disclosure Division re-released pages 1 and 4 of the September 8, 2005, release, without utilizing Exemption (b)(7)(E). A copy of the March 16, 2006, letter is attached as Exhibit K.

**Exemptions**

FOIA EXEMPTION (b)(2)
INTERNAL ADMINISTRATIVE MATTERS

15. Pursuant to Exemption 2, the Disclosure Division withheld:

> ➤ Internal administrative codes used in criminal law enforcement databases including file numbers and identification codes

> ➤ Accounting codes

16. Exemption (b)(2) of the FOIA protects from disclosure material "related solely to the internal personnel rules and practices of an agency," including predominantly internal matters the disclosure of which would risk circumvention of agency regulations or statutes. Exemption (b)(2) is being invoked for information contained in criminal law enforcement databases such as the Department of Justice's Consolidated Asset Tracking System (CATS). CATS provides a consolidated asset forfeiture database for both administrative and judicial cases to track information and support law enforcement operations in all of the asset forfeiture program business functions, including seizure, custody, notification, forfeiture, claims, petitions, equitable sharing, official use, and disposal. Specifically, CATS provides a national, centralized asset forfeiture database for Federal law enforcement agencies. The data displayed on screen prints of CATS records is redacted because information displayed identifies how property is coded.

17. The redacted information in the records that were provided to Mr. Sells consists of accounting numbers and other internal administrative codes. This information is for either administrative and/or law enforcement purposes only and is of no legitimate interest to the public. The disclosure of this material is so trivial it does not warrant release.

4

## FOIA EXEMPTION 7 THRESHOLD

18.    ATF is a criminal and regulatory enforcement agency within the Department of Justice and is responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§ 921-930, the Federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. <u>See</u>. 28 C.F.R. § 0.130.

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

19.    Pursuant to Exemption (b)(7)(C) the Disclosure Division withheld:

➢ the names of Federal law enforcement support staff employees as well as information by which those individuals could be identified

➢ the names of Federal and state law enforcement agents as well as information by which those individuals could be identified, including Social Security Numbers

➢ the names of third party individuals referenced in connection with the investigation either as witnesses or leads, as well as information by which those individuals could be identified

➢ the names of individuals investigated by ATF and any information by which this individual could be identified by a third party

20.    FOIA Exemption (b)(7)(C) protects records or information compiled for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

21.    Exemption (b)(7)(C) requires a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

22.   The individuals whose identities have been protected, as set forth above, are not the requester. Furthermore, Mr. Sells presented no waivers that would permit release of any third-party individual's information.

23.   The individuals names and identifying information referenced in paragraph 17 above were compiled in connection with an investigation into violations of various crimes including possession of a firearm by a felon, and as such, meet Exemption 7's threshold requirement of "records or information compiled for law enforcement purposes."

24.   Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties.  On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release.  Such a release would be "clearly unwarranted" as required by 5 U.S.C. § 552(b)(6).  Since this is the higher of the two standards of invasion of privacy, the release of this information also would be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).

25.   Exemption (b)(7)(C) of the FOIA protects from disclosure records or information compiled for law enforcement purposes to the extent that the disclosure of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(C).

26.   ATF withheld the names, addresses, phone numbers, titles and other identifying information related to third party individuals and witnesses interviewed by ATF during the course of the investigation, law enforcement officers, and other private individuals merely mentioned in ATF's files.

6

27.    The third parties referenced in Mr. Sells files are described in sufficient detail to allow for the identification of those third parties by persons familiar with the circumstances and facts of ATF's investigation of plaintiff.  ATF determined that third parties could reasonably be expected to be embarrassed and humiliated by being associated with this investigation.  Further, ATF determined that the witnesses referenced in plaintiff's files has the very real potential to endanger such witnesses or cause harassment and harm to the witness' lives and reputations as the underlying offenses involved the use of firearms and were connected to the manufacturing of illegal narcotics. In addition, disclosure may well discourage future witnesses from cooperating with ATF.  After balancing the interests at stake, ATF determined that the types of personal information contained within its files must be withheld because disclosure of the information could reasonably be expected to cause the third parties referenced in its files and third party witnesses embarrassment, harassment, and harm, and would do little, if anything at all, to aid the public's understanding of the ATF.

28.  ATF also invoked Exemption 7(C) to protect the names and identifying information of third parties who were investigated by ATF.  ATF determined that the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of these third parties' privacy, because being associated with ATF's criminal investigation into plaintiff's unlawful actions carries a stigmatizing and negative connotation.  Thus, ATF determined that the third parties possess a substantial privacy interest in not having this information disclosed.  After the ATF identified the substantial privacy interests at stake, ATF balanced those interests against any public interest in the disclosure.  ATF determined that because the disclosure of the names and identities of these third parties would not shed any light on ATF's activities, it could not identify any discernible public interest in the disclosure.

29. ATF asserted exemption (b)(7)(C) to protect the identities of ATF special agents, and other law enforcement personnel such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF special agents and other law enforcement personnel that appear in law enforcement records are protected since disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.

30. In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest. Mr. Sells did not assert any discernible public interest in this particular type of information. ATF determined that the privacy interests of law enforcement personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed. The fact that the Mr. Sells may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals. Consequently, the deleted information is exempt under exemptions (b)(7)(C).

FOIA EXEMPTION (b)(7)(D)
CONFIDENTIAL SOURCE

31. Pursuant to Exemption (b)(7)(D) the Disclosure Division withheld:

> ➤ the names or other identifying information of a confidential source

32. Exemption (b)(7)(D) relates to information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source.

33. The ATF reports contain interviews and accounts of interviews of named sources of information who provided information regarding specifics about Mr. Sells criminal conduct.

8

34.  When a source was not expressly granted a promise of confidentiality, certain circumstances characteristically support an inference of confidentiality.  The character of the crime being investigated, and the source's relation to the nature of the crime, required the inference of confidentiality.

35.  It is the experience of ATF that violence is often involved with violations of the Federal firearms and explosives laws and that people who provide information relative in danger.  In this instance, because plaintiff was convicted of firearm offense and a drug related crime, ATF determined that the disclosure of this information could place the persons that provided the information to ATF in danger.  It is clear that if this information were released the source would be identified to Mr. Sells.  The reports indicate that the individuals freely cooperated in providing investigative details about Mr. Sells.

36.  It is reasonable to infer that at the time their cooperation was secured that these individuals expected that their identities and the information they provided was provided on a confidential basis and that it would remain so.  I have also been informed by ATF special agents that the release of the names of cooperating individuals such as those in the underlying criminal case at issue here could jeopardize future ATF operations by deterring similarly situated individuals from providing needed information.

### Adequacy of Search

37.  ATF's Disclosure Division executed an independent and thorough search for all responsive materials responsive to plaintiff's FOIA request.  All indices and file systems, including TECS, that would contain information pertaining to plaintiff were reasonably searched.

38.  Upon receipt of plaintiff's FOIA request the Disclosure Division executed an independent and thorough search for all responsive materials. The first step that was taken in

conducting the search was to query the Treasury Enforcement Communications System (TECS).[1]
TECS is a text-based database, owned by the Bureau of Customs and Border Protection,
Department of Homeland Security, which contains information that may be of interest to law
enforcement agencies. TECS is a computerized information system designed to identify
individuals and businesses suspected of or involved in violation of federal law. TECS is also a
communications system permitting message transmittal between Federal law enforcement offices
and other international, state, and local law enforcement agencies. TECS provides access to the
FBI's National Crime Information Center (NCIC) and the National Law Enforcement
Telecommunication Systems (NLETS) with the capability of communicating directly with state
and local enforcement agencies. ATF uses TECS to locate records within the Department of
Justice's Privacy Act system of records entitled "Criminal Investigation Report System."

39.  ATF records located within TECS include: wanted persons and fugitives; known and
suspected violators of laws falling within the jurisdiction of ATF; felons and dishonorably
discharged veterans who have requested relief to own firearms and/or explosives under the Gun
Control Act of 1968; violent felons; and gangs and terrorists. The TECS system contains seven
record subsections: People, Businesses, Aircraft, Firearms, Vehicles, Vessels, and Things.
Bureau-wide, ATF performs an average of 130,000 queries per month against records in the
following subsections: People, Businesses, Firearms, and Vehicles.  These queries reveal ATF
Investigation numbers that correspond to a specific field division where any files would be
located.  Accordingly, because the TECS database contains the names of the individuals ATF has
investigated; it was the place most likely to locate responsive records.

---

[1] As previously noted in FN8, the TECS database is utilized by ATF to locate records within our Criminal
Investigation Report System of Records.  See 68 Fed. Reg. 3553.

40.   By searching under plaintiff's full name, all records related to plaintiff were determined to be located in the Dallas ATF Field Division and retrievable under Criminal Investigation Number 745209 97 0008.  This is the only ATF file associated with Mr. Sells in the TECS database. Pursuant to a request from the Disclosure Division, ATF's Dallas Field Division undertook a search that located all criminal case files within their office that were retrievable by the plaintiff's full name and Criminal Investigation Number 745209 97 0008.

41.   I have been informed by the Dallas Field Division that, to the best of my knowledge, I have been provided with all records responsive to Mr. Sells request.  Specifically, and as noted in the attached *Vaughn* index, 142 responsive pages were located pursuant to this search. As such, and for the reasons described above, ATF has conducted a search of all locations likely to contain responsive documents using methods reasonably expected to uncover all relevant documents.

**<u>Segregability</u>**

42.   My staff reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to plaintiff. As a result of this review, it has been determined that all non-exempt, reasonably segregable information has now been provided to plaintiff.  In fact, a review of the file indicates that a substantial portion of the file was released with only a name or tracking code redacted on each page.  As previously mentioned, the extensive additional review undertaken upon receipt of Mr. Sells Complaint did in fact reveal two pages in which additional information was segregated and released.

11

I declare under penalty of perjury that the foregoing is true and correct. Executed this

5 day of April, 2006.

Averill P. Graham
Chief, Disclosure Division

To: **Director**                                        Date: April 30, 2005

Bureau of Alcohol, Tobacco, Firearms & Explosives

Department of Justice

Washington, D. C. 20226

05-19-05 A10:35 IN
16-JUN-05
05-1098

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search:

All criminal investigatory & forfeiture records compiled in the state of Oklahoma.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME   SHELBY WAYNE SELLS

DATE OF BIRTH : December 7, 1944

PLACE OF BIRTH : Sallisaw, Oklahoma

SOCIAL SECURITY NUMBER:   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

I declare under penalty of perjury that the aforementioned biographical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 30th day of April 2005

By X _Shelby Sells_
                            Affiant Herein

(28 USC Section 1746)

Name:   SHELBY SELLS

Reg. No.   04134-063

**EXHIBIT A**

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

100060- JR

Shelby W. Sells
Reg. No. 04134-063
Federal Correctional Complex (Medium)          MAY 20 2005
P.O. Box 3000
Forrest City, AR 72335

Dear Shelby W. Sells:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on May 19, 2005, and has been assigned number 05-1098; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

April Sands
Disclosure Assistant

## EXHIBIT B

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

ATF Form 9310. 3A
Revised May 1 2004

*U.S GPO: 2004—304-380/82603

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Correspondence Approval and Clearance

REFER TO:05-1098

100060

Shelby W. Sells
Reg. No. 04134-063                    JUN 2 2 2005
Federal Correctional Complex (Medium)
P.O. Box 3000
Forrest City, AR   72335

Dear Mr. Sells:

We are writing to inform you regarding your April 30, 2005, Freedom of Information Act (FOIA) request for access to information you believe is maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).   We have not as yet completed the processing of our response regarding this matter.  We anticipate our response date to be July 21, 2005, and will do all we can to meet this date.

We apologize for the delay and will do everything possible to expedite your request.

Sincerely,

JR

Johnny Rosner
Disclosure Specialist

**EXHIBIT C**

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname | | | | | | | |
| Date | | | | | | | |

ATF Form 9310. 3A
Revised May 1 2004

'U.S GPO: 2004—304-380/82603

8/23/05        05-2624        FOIA

**FOIA APPEAL**                    Date: August 5, 2005

To: Co-Director

Office of Information & Privacy        RE: FOIA to ____ ATF&E

Department of Justice                  Request No. 05-1098

FLAG BUILDING, Suite 570               Date of Request: 4/30/05

Washington, D. C. 20530

Dear Sir:

        This is an appeal under the Freedom of Information Act.
        Please review the action or inaction of the following agency:

Bureau of ATF&E _____ in conjunction to my request for records.
        (check appropriate box or boxes below)

__X__   The agency has not responded and the time limits within which
        to do so has expired.

_____   The agency has claimed that no records could be found and
        I want to appeal that "no records" response.

_____   The agency has blanket denied release of records.

_____   The agency has released certain records and withheld some
        by claiming certain exemptions.

_____   The agency has withheld certain records but has not claimed
        any exemptions or stated any reason for the deletions.

_____   The agency has claimed there are no records available or
        they have been destroyed and I believe they have not made
        a sufficient search.

_____   The agency has stated records were destroyed but has not
        stated where, how, when and for what reason and by whome
        they were destroyed and under what provision of the law.

__X__   I believe the agency action or inaction otherwise unjust
        for the following reason :

_Violations of the FOIA time limits within which to process my request._

_____

_____

        Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
        The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                Sincerely,

                                X _Shelby Sells_

OFFICE OF INFORMATION           (name) Shelby Sells
AND PRIVACY
                                (No.) 04134-063
AUG 2 3 2005
                                Federal Correctional Complex
**RECEIVED**
                                Box 3000 (MEDIUM)

                                Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.

                                                    **EXHIBIT D**



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 0 6 2005**

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

　　　Re:  Request No. 05-1098

Dear Mr. Sells:

　　　This responds to your letter dated August 5, 2005, in which you sought to appeal from the failure of the Bureau of Alcohol, Tobacco, Firearms and Explosives to respond to your request for access to records.

　　　I have notified the ATF of your communication. It is my understanding that the ATF is still processing your request. Although the Act authorizes you to treat the failure of the ATF to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the ATF. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the ATF completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the ATF's substantive action on your request.

　　　In the event that the ATF still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

　　　　　　　　　　　Sincerely,

　　　　　　　　　　　Richard L. Huff
　　　　　　　　　　　Co-Director

RLH:PAJ:CIH

ATF

EXHIBIT E

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Correspondence Approval and Clearance**

SEP – 8 2005

REFER TO: 05-1098 AG
100060

Mr. Shelby W. Sells
Register #04134-063
Post Office Box 3000
Forrest City, Arizona  72335

Dear Mr. Sells:

This is in response to your Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as they pertain to you.

Your request is granted in part.  We are releasing segregable portions of the records that are exempt and are withholding portions for the reasons indicated on the enclosed "Document Cover Sheet".

The costs associated with processing your FOIA request did not meet the minimum.

Insofar as portions of your request has been denied by deletions, you have the right to file an administrative appeal by following the procedures outlined in Part III of the enclosed form.

Sincerely yours,

**(Signed) Averill P. Graham**

Averill P. Graham
Chief, Disclosure Division

Enclosure

**EXHIBIT  F**

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|---|---|---|---|---|---|---|---|
| Surname |  |  |  |  |  |  |  |
| Date |  |  |  |  |  |  |  |

ATF Form 9310. 3A
Revised May 1 2004

*U.S. GPO: 2004—304-380/82603

04/04/06  TUE 13:35 FAX 202 514 1009

DHAW
FOIA APPEAL                          Date: September 27, 2005

VUP of 05-2624    PA
A
ATC

To: Co-Director

Office of Information & Privacy           RE: FOIA to    ATF&E

Department of Justice                     Request No.   05-1098 AG

FLAG BUILDING, Suite 570                  Date of Request: 9/8/05

Washington, D. C. 20530

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

BATF&A                          in conjunction to my request for records.
(check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
        to do so has expired.

_____   The agency has claimed that no records could be found and
        I want to appeal that "no records" response.

__X__   The agency has blanket denied release of records.

__X__   The agency has released certain records and withheld some
        by claiming certain exemptions.

_____   The agency has withheld certain records but has not claimed
        any exemptions or stated any reason for the deletions.

_____   The agency has claimed there are no records available or
        they have been destroyed and I believe they have not made
        a sufficient search.

_____   The agency has stated records were destroyed but has not
        stated where, how, when and for what reason and by whome
        they were destroyed and under what provision of the law.

_____   I believe the agency action or inaction otherwise unjust
        for the following reason :

_____

_____

        Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
        The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                                Sincerely
                                X  _Shelby Sells_

OFFICE OF INFORMATION
AND PRIVACY                     (name)  Shelby Sells

OCT 1 2 2005                    (No.)  04134-063

RECEIVED                        Federal Correctional Complex

                                Box 3000 (MEDIUM)

                                Forrest City, Arkansas 72336

cc: file

NOTICE:  Failure to respond to this administrative appeal in a
         timely manner will result in civil action suit.          EXHIBIT G

NOV 10 2005

MEMORANDUM TO:    Averill P. Graham
                 Acting FOIA/PA Officer
                 Chief, Disclosure Division
                 Bureau of Alcohol, Tobacco, Firearms, and Explosives
                 Department of Justice
                 Washington, DC  20226


        FROM:    WILLIAM E. BORDLEY
                 Associate General Counsel/FOIPA Officer
                 Office of General Counsel

     SUBJECT:    **FOI/PA Request No. 2005USMS8379**
                 **Subject:  Shelby Sells**

     In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located 16 documents which originated with your agency.  Pursuant to 28 C.F.R. Section 16.42(d), these documents are being referred to your office for action and direct response to the requester.  Please provide this office with a copy of your determination letter.

     A copy of said documents and the Privacy Act request is attached.  If you have any questions, please contact Margaret Woods on 202-307-9490.


Attachments

                                                                    EXHIBIT H

## DOCUMENT COVER SHEET: EXEMPTIONS LIST AND APPEAL RIGHTS

**Part I – Document cover sheet**

| 1. Requesters' name<br>*Shelby Sells* | 2. File no.<br>*06-198* | 3. Requested documents were referred by the following agency:<br>*US Marshals* |
|---|---|---|
| 4. Documents are being released:<br>[ ] at cost  [✗] without cost | 5. Package ends with documents no.:<br>*8* | 6. Total no. of documents denied:<br>*0 –* |

7. Exemptions cited for information withheld on pages released: (See Part II of explanations of exemptions)

[ ] (b) (1)      [ ] (b) (2)      [ ] (b) (3) _____      [ ] (b) (4)      [ ] (b) (5)      [ ] (b) (6)

[ ] (b) (7) (A)      [ ] (b) (7) (B)      [✗] (b) (7) (C)      [ ] (b) (7) (D)      [ ] (b) (7) (E)      [ ] (b) (7) ( F)

8. Documents completely withheld:

Document no. -----Exemption          Document no. -----Exemption          Document no. -----Exemption

9. The records identified above have been determined to be most directly responsive to your request. Other records, described below are available upon payment of ten (10) cents per page (or at no cost if a fee waiver is granted). These records generally consist of similar or repetitive information that restates information contained in the package being released. A sample of index of these records is included in this released. The following records are available upon written request:

                                                        No. of pages

(a) Exhibits to Report (See index on page_____)          _____
(b) Surveillance Reports (See sample page_____)          _____
(c) Interagency Telegrams and Messages (See sample page_____)          _____
(d) Property Disposition records (See sample page_____)          _____
(e) Newspaper or magazine article (See sample page_____)          _____
(f) Miscellaneous (See sample page)          _____

Note: To obtain copies of these records, identify which records you want count the pages and multiply by ten (10) cents. Send a check or money order payable to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and mail to Chief, Disclosure Division, ATF; 650 Mass. Ave., Rm 8400, Washington, DC 20226. Request promptly for best service, as files are returned to field offices fifteen (15) days after this notice is mailed to you.

(Parts II and III on reverse side)

EXHIBIT I

04/03/06  MON 15:35 FAX 202 514 1009

12/7/05       06-0666    PA
                                                        Ⓐ
                         FOIA APPEAL                     ATF

To:  Co-Director                    Date:  11/28/05
Office of Information & Privacy
Department of Justice               RE: FOIA to  USMS ref to ATF
FLAG BUILDING, Suite 570            Request No.  06-198
Washington, D. C. 20530            Date of Request:  11/22/05 release

Dear Sir:

          This is an appeal under the Freedom of Information Act.
          Please review the action or inaction of the following agency:
USMS ref to ATF                       in conjunction to my request for records.
          (check appropriate box or boxes below)

_____    The agency has not responded and the time limits within which
          to do so has expired.
_____    The agency has claimed that no records could be found and
          I want to appeal that "no records" response.
__X___    The agency has blanket denied release of records.
_____    The agency has released certain records and withheld some
          by claiming certain exemptions.
_____    The agency has withheld certain records but has not claimed
          any exemptions or stated any reason for the deletions.
_____    The agency has claimed there are no records available or
          they have been destroyed and I believe they have not made
          a sufficient search.
_____    The agency has stated records were destroyed but has not
          stated where, how, when and for what reason and by whome
          they were destroyed and under what provision of the law.
_____    I believe the agency action or inaction otherwise unjust
          for the following reason :

          _____

          _____

          _____

          Appellant believes the agency or public body has acted arbitrary
and/or capricious and he asks for review of the agency action/inaction.
          The burden is on the agency or public body to show the material
withheld fits within the parameters of the exemptions claimed.  The
Appellant asks that the agency itemize and index the withheld material
and include detailed affidavits & explanations in support of the
justifications for refusal to disclose.

                              Sincerely,
                            X _____

OFFICE OF INFORMATION       (name) Shelby Sells
   AND PRIVACY
                            (No.)  04134-063
DEC 07 2005                 Federal Correctional Complex

RECEIVED                    Box 3000 (MEDIUM)

                            Forrest City, Arkansas 72336

cc: file

NOTICE:   Failure to respond to this administrative appeal in a
          timely manner will result in civil action suit.          EXHIBIT J

U. S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Correspondence Approval and Clearance**

MAR 1 6 2006

REFER TO: 100060

Shelby Sells
Reg. No. 04134-063
Federal Correctional Institution
P.O. Box 3000
Forrest City, AR  72336

Dear Mr. Sells:

Pursuant to ongoing litigation, we are making a discretionary release of the enclosed two documents.  After further review, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is no longing invoking exemption Title 5 U.S.C. 552(b)(7)(E).

Sincerely,

**(Signed) Peter J. Chisholm**

Peter J. Chisholm
Senior Disclosure Specialist

Enclosure

EXHIBIT K

| Code | Initiator | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer | Reviewer |
|------|-----------|----------|----------|----------|----------|----------|----------|
| Surname | | | | | | | |
| Date | | | | | | | |

*U.S. Government Printing Office: 2005—310-398/92303

ATF Form 9310. 3A
Revised May 2004

VAUGHN INDEX OF DELECTIONS IN DISCLOSURE TO SHELBY SELLS
FROM BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

| Page Number(s) | Description | Exemption Claimed | Justification |
|---|---|---|---|
| 1-3 | Report of Investigation | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officers; Name and identifying information of third parties in a law enforcement file. |
| 4 | Report of Investigation | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officers. |
| 5 | ATF Personal History/TECS Input | (b)(7)(C) | Name and identifying information of third parties in a law enforcement file |
| 6 | Management Log | (b)(7)(C) | Name and Identifying information of third parties in a law enforcement file |
| 7-10 | ATF Case Summary | (b)(2) (b)(7)(C) | Internal accounting code; Name and Identifying information, including Social Security Number, of a Federal law enforcement officers; Name and identifying information of third parties in a law enforcement file |
| 11 | ATF Personal History/TECS Input | (b)(7)(C) | Name and Identifying information of a third party in a law enforcement file |
| 12-17 | Release and Receipt of Property Property Inventory/Forfeited Property Appraisal Report | (b)(7)(C) | Name and Identifying information of Federal law enforcement offices; Name and identifying information of third parties. |
| 18 | Property Disposition | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer; |
| 19-21 | Release and Receipt of Property Property Inventory/Forfeited Property Appraisal Report | (b)(7)(C) | Name and Identifying information of Federal and local law enforcement officers. |
| 22 | Property Disposition | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer; |
| 23-31 | Release and Receipt of Property Property Inventory/Forfeited Property Appraisal Report | (b)(7)(C) | Name and Identifying information of Federal and local law enforcement officers; Name and identifying information of third parties. |
| 32 | Report of Expenditures | (b)(2) (b)(7)(C) | Internal accounting codes; Name and Identifying information of Federal law enforcement offices. |
| 33 | Request for Advance of Funds | (b)(2) (b)(7)(C) | Internal accounting codes and other material related solely to internal practices; Name and Identifying information of Federal law enforcement officers. |
| 34-49 | Consolidated Asset Tracking System (CATS) Status Inquiry Information | (b)(2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 50-53 | Report of Destruction | (b)(2) (b)(7)(C) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention and internal accounting codes; Name and Identifying information of Federal law enforcement officers. |
| 54 | Property Disposition | (b)(7)(C) | Name and identifying information of a Federal law enforcement officer |

1

| 55-56 | Report of Destruction | (b)(2) (b)(7)(C) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes; Name and Identifying information of Federal law enforcement officers. |
|---|---|---|---|
| 57-58 | Property Inventory/Forfeited Property Appraisal Report | (b)(7)(C) | Name and identifying information of Federal law enforcement officers |
| 59-61 | Consolidated Asset Tracking System (CATS) Status Inquiry Information | (b) (2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 62 | None | | No page numbered 62 |
| 63-75 | Consolidated Asset Tracking System (CATS) Status Inquiry Information | (b) (2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 76-77 | Report of Destruction | (b)(2) (b)(7)(C) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes; Name and Identifying information of Federal law enforcement officers. |
| 78 | Consolidated Asset Tracking System (CATS) Printout | (b) (2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 79 | Declaration of Administrative Forfeiture | (b)(2) (b)(7)(C) | Internal accounting code related solely to the internal practices of ATF; Name and Identifying information of a Federal law enforcement employee. |
| 80-81 | Certified Mail Labels | Released in Full | N/A |
| 82-83 | Seizure of Property Letter | (b)(2) (b)(7)(C) | Internal accounting code related solely to the internal practices of ATF; Name and Identifying information of a Federal law enforcement employee. |
| 84 | Consolidated Asset Tracking System (CATS) Printout | (b) (2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 85 | Advertising Order | (b)(7)(C) | Name and Identifying information of a Federal law enforcement employee. |
| 86-88 | Report of Investigation | (b)(7)(C) (b)(7)(D) | Name and identifying information of third parties; Information that could reasonably be expected to disclose the identity of a confidential source. |
| 89-90 | Report of Inventory/Forfeited Property Appraisal Report | (b)(2) (b)(7)(C) | Internal accounting code related solely to the internal practices of ATF; Name and Identifying information of a Federal law enforcement employee. |
| 91-92 | Certified Mailing Receipt | Released in Full | N/A |
| 93-97 | ATF Operational Plan | (b)(7)(C) | Name and Identifying information of Federal law enforcement offices. |
| 98 | U.S. District Court of Oklahoma Search Warrant | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 99 | Receipt for Property | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 100-101 | Search Warrant Attachment | Released in Full | N/A |
| 102 | Receipt for Property | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |

2

| 103 | U.S. District Court of Oklahoma Search Warrant | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
|---|---|---|---|
| 104 | Receipt for Property (Blank) | Released in Full | N/A |
| 105-106 | Search Warrant Attachment | Released in Full | N/A |
| 107 | U.S. District Court of Oklahoma Search Warrant | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 108 | Receipt for Property (Blank) | Released in Full | N/A |
| 109-110 | Search Warrant Attachment | Released in Full | N/A |
| 111-112 | U.S. District Court of Oklahoma Application for Protective Order | Released in Full | N/A |
| 113-114 | Photographs | Released in Full | N/A |
| 115 | Hand-drawn Map | Released in Full | N/A |
| 116-120 | Various State of Oklahoma Court Documents | Released in Full | N/A |
| 121 | ATF Operational Plan | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 122 | U.S. District Court of Oklahoma Search Warrant | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 123 | Receipt for Property (Blank) | Released in Full | N/A |
| 124 | U.S. District Court of Oklahoma Application for Search Warrant | (b)(7)(C) | Name and Identifying information of a Federal law enforcement officer. |
| 125-126 | Affidavit | (b)(7)(C) | Name and identifying information of a Federal law enforcement officers; Name and identifying information of third parties in Law enforcement file. |
| 127-131 | Handwritten Notes | (b)(7)(C) | Name and identifying information of third parties in Law enforcement file. |
| 132 | Handwritten Affidavit | (b)(7)(C) | Name and identifying information of third parties in Law enforcement file. |
| **DUPLICATE NUMBERS** | | | |
| 70A-71A | Seizure of Property Letter | (b)(2) (b)(7)(C) | Internal accounting code related solely to the internal practices of ATF; Name and Identifying information of a Federal law enforcement employee. |
| 72A | Consolidated Asset Tracking System (CATS) Printout | (b)(2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 73A-74A | Advertising Order | Released in Full | N/A |
| 75A-76A | Seizure of Property Letter | (b)(2) | Internal accounting code related solely to the internal practices of ATF; Name and |

3

| | | (b)(7)(C) | Identifying information of a Federal law enforcement employee. |
|---|---|---|---|
| 77A | Consolidated Asset Tracking System (CATS) Printout | (b)(2) | Internal computer codes used in a Law Enforcement Database (CATS) which release of could allow circumvention, internal accounting codes. |
| 78A | Bond For Costs Form (Blank) | | |
| 79A | Power of Attorney Form (Blank) | Released in Full | N/A |
| **UNITED STATES MARSHALS SERVICE REFERRAL (ATF RELEASE)** | | | |
| 1-8 | United States District Court Criminal Complaint Case Number 03-054 M and Affidavit | (b)(7)(C) | Name and Identifying information of Federal law enforcement officers; Name and identifying information of third parties. |
| | | | |