UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHELBY SELLS,                         )
                                      )
          Plaintiff                   )
                                      )
     v.                               )    Civil Number 1:06-00077
                                      )
EXECUTIVE OFFICE FOR UNITED           )
UNITED STATES ATTORNEYS,              )
                                      )
          Defendant                   )
_____)

<u>DECLARATION OF KAREN SUMMERS</u>

   I, Karen Summers, hereby declare the following to be a true and correct statement of facts:

   1.   I am a Paralegal Specialist for the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist at the South Central Regional Office in Dallas, Texas.  I have held this position since 1995.

   2.   Pursuant to my official responsibilities involving review and research of inmate civil legal matters, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, including, but not limited to, an inmate's medical and central file, investigative records, and the BOP's SENTRY computer database.  In furtherance of my responsibilities, I am familiar with the policies and procedures

1

for processing requests submitted under the Freedom of Information and Privacy Acts (FOIA/PA).

3.    Prior to executing this declaration, I reviewed the relevant BOP records, of plaintiff, federal inmate SHELBY SELLS, Reg. No. 04134-063, who is currently incarcerated at the Federal Correctional Complex (FCC), Medium security institution in Forrest City, Arkansas.  FCC Forrest City is located within the BOP's South Central Region (28 C.F.R. § 503.6).  At all times relevant to plaintiff's civil action, he was incarcerated at FCC Forrest City.

## CHRONOLOGY FOIA REQUEST NO. 2005-05146

4.    On or about May 12, 2005, plaintiff's FOIA request dated June 4, 2005, was received by the BOP's FOIA/PA Section in Washington, D.C.  The request (2005-05146) was forwarded to the BOP's South Central Regional Office (SCRO) for response. Plaintiff sought copies of Inmate Systems Management (ISM) records, the FOIA Exempt section of his Central File, and investigatory records of the SIS/SIA from FCC Forrest City, the Federal Transfer Center in Oklahoma City and the Federal Correctional Institution in El Reno, Oklahoma.[1]  The request was interpreted as a request for all records pertaining to him that were maintained in his Central and Medical Files, SIS records and

---

[1] The Bureau of Prisons has implemented procedures by which inmates may review their files in accordance with both the Privacy Act and the Freedom of Information Act, as well as Department of Justice and Bureau of Prisons policy.  See 28 C.F.R., Part 513, Access to Records.

copies from the FOI Exempt section of his Cental File at his designated institution, FCC Forrest City.[2]  A true and correct copy of plaintiff's FOIA Request No. 2005-05146 is provided as Attachment 1.

5.  By letter dated May 12, 2005, plaintiff's request was accepted and acknowledged as received by the SCRO.  Plaintiff was advised that he could request a review and/or copies of the releasable records (non "FOI Exempt") from his Central and Medical Files at the local (institution) level.  Ordinarily, most records (i.e., ISM, education, etc.) are routinely forwarded to an inmate's unit team for incorporation into his/her Central File.  A true and correct copy of the SCRO's acknowledgment letter is provided as Attachment 2.

6.  On May 18, 2005, FCC Forrest City staff were informed that plaintiff was directed to request review or copies of the releasable documents from his Central and Medical Files.  Additionally, staff were instructed to forward all FOI Exempt records maintained in plaintiff's Central File, as well as records maintained by the SIS/SIA, to the SCRO for review and release determination.  FCC Forrest City staff indicated no SIA/SIS investigatory records were located pertaining to the plaintiff.  A true and correct copy of an electronic e-mail from

---

[2] All records relating to an inmate are maintained by his/her designated institution.  When an inmate transfers from one institution to another, his/her records are also transferred, with the exception of certain investigatory records that may reference a specific inmate or groups of inmates.

Larry Collins, FOIA Legal Instruments Examiner (SCRO), dated May 18, 2005, which contains a response from FCC Forrest City staff is provided as Attachment 3.

7.   On June 2, 2005, BOP staff provided plaintiff the opportunity to review and/or receive copies of his Central File records.[3]  Plaintiff signed a receipt indicating he was provided access to his Central File but did not request any copies.  A true and correct copy of plaintiff's signed receipt for review of his Central File is provided as Attachment 4.

8.   On June 3, 2006, BOP staff provided plaintiff the opportunity to review and/or receive copies of his medical records.  Plaintiff signed a receipt indicating he reviewed and received thirty six (36) pages of his medical record.  A true and correct copy of plaintiff's signed receipt for his medical records is provided as Attachment 5.

9.   By letter dated May 24, 2005, plaintiff was informed twenty nine (29) responsive documents, maintained in the "FOI Exempt" section of his Central File, were reviewed for release determination.  A true and correct copy of the BOP's determination letter dated May 24, 2005, is provided as Attachment 6.

10.   A review of the thirty nine (29) records revealed two (2) pages were released in full; nine (9) pages were released

---

[3] Inmates may submit a Request to Staff Member at their designated institution to request a review or copies of their Central and Medical Files.

with certain information excised pursuant to Title 5 U.S.C. §§
552a(b)(2), (b)5), (b)(7)(C) and/or (b)(7)(F); and eighteen (18)
pages were withheld in their entirety pursuant to Title 5 U.S.C.
§§ 552a(b)(2), (b)(7)(C), and (b)(7)(F).  See Attachment 6.

11.   The twenty nine (29) documents, compiled for law
enforcement purposes, were either excised in part or withheld in
their entirety because they related solely to the internal
procedures and practices of the agency; they contained
information regarding the privacy of third parties or inmates
whom staff determined separation concerns existed and release of
the information could jeopardize their safety and institution
security.

### SEGREGABILITY OF RECORDS

12.   The BOP considered the segregability of information
contained in the withheld and excised pages during the course of
the administrative review process.  Factored into the
segregability determination is the knowledge that the release of
the information could jeopardize the privacy of third parties,
and release of the information could endanger the physical safety
of other individuals/inmates.  Where a document was withheld in
its entirety, the agency also determined that no meaningful
portions could reasonably be released without destroying the
integrity of such documents as a whole.

13.   Specifically, nine (9) documents (Central Inmate
Monitoring (CIM) Separatee Information), were excised in part

pursuant to §§ 522(b)(2)High, (b)(7)(C), and (b)(7)(F) because they contained information maintained solely for BOP purposes relating to internal law enforcement agency practices; because it would constitute an unwarranted invasion of the personal privacy of other inmates, and release of the information could endanger the physical safety of other individuals/inmates.  Additionally, a total of eighteen (18) pages (United States District Court, Western District of Oklahoma - Probation Office Correspondence) were withheld in their entirety pursuant to §§ 522 (b)(2)High, (b)(7)© and (b)(7)(F).  Attachment 6.

## APPEAL OF FOIA REQUEST (2005-05146)

14.    The FOIA release determination letter dated May 24, 2005, advised plaintiff that if he was dissatisfied with the BOP response he could appeal to the Office of Information and Privacy (OIP) within 60 days.  See Attachment 6.

15.    Plaintiff appealed the BOP's release determination of his FOIA Request No. 2005-05146.  Plaintiff complained the BOP has "blanket denied" release of all records, released certain records and withheld some by claiming certain exemptions, and withheld certain records without stating a reason for the deletions or exemptions.  A true and correct copy of plaintiff's appeal letter is provided as Attachment 7.

16.    By letter dated June 22, 2005, OIP acknowledged plaintiff's appeal and assigned Appeal Number 05-2035.  On

6

December 16, 2005, OIP affirmed the BOPs action and withholding pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. §16.97(a)(2005).   A true and correct copy of the OIP acknowledgment letter dated June 22, 2005, and letter affirming BOP release determination dated December 16, 2005, are provided as Attachment 8.

### ADEQUACY OF THE SEARCH

17.  As previously noted, plaintiff was informed he could seek review and copies of all releasable documents maintained in his Central and Medical Files.   BOP staff were instructed to search plaintiff's files to determine any and all records that were not releasable at the institution level and forward them to the BOP's SCRO for review and release determination.  Plaintiff was provided, in part, a copy of those records either in full or in an excised version pursuant to applicable exemptions under the FOIA/PA Acts.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

18.  The BOP processes all requests by individuals (or entities) for records pertaining to themselves (as in this case) under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum disclosure authorized by law.[4]

---

[4]   The BOP's system of records is exempt from the Privacy Act of 1974, 5 U.S.C. § 552a by virtue of subsection (j)(2) of The Act.  See 28 C.F.R. § 16.81 (2000). Thus, plaintiff's access rights are limited to those provided by the FOIA.

19.  Records compiled for law enforcement purposes are exempt from disclosure.  The Attorney General has promulgated rules exempting these records from the Privacy Act's access provisions as authorized by 5 U.S.C.§ 552a(j)(2), which appears at 28 C.F.R. § 16.97.  Subsection (j)(2) exempts from mandatory disclosure those records maintained by an agency or component thereof, which performs as its principal functions any activities pertaining to the enforcement of criminal laws.

20.  The BOP is a law enforcement agency.  Indeed, the term, "law enforcement officer" is defined as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc." See, e.g., 5 U.S.C. § 8401(17)(D)(i).  Furthermore, BOP employees perform inherently law enforcement functions.  They possess the authority to make arrests, 18 U.S.C. § 3015; seize evidence, 18 U.S.C. § 4012; and execute searches on inmates and visitors to the institution, 28 C.F.R. § 511.10-511.12, 552.10-552.14. Additionally, the BOP is tasked with the law enforcement mission of protecting inmates, staff, and the community.[5]  As such, the files of federal inmates are essential to BOP staff in carrying out the law enforcement mission of the BOP.

---

[5] 18 U.S.C. § 4042 sets out the BOP's general authority:
"The Bureau of Prisons, under the direction of the Attorney General, shall (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."

JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
EXEMPTIONS 5 U.S.C.§§ 552(b)(7)(C), (b)(7)(F), and (b)(2)
FOIA Request 2005-05146

21.    To invoke Exemption (b)(7), the BOP must be able to demonstrate that records were compiled for law enforcement purposes.  In this case, the records at issue were compiled for law enforcement purposes during the course of its performance of its law enforcement functions of protecting inmates, staff and the community.   The records requested by plaintiff are part of the Inmate Central Records System (JUSTICE/BOP-005).  As previously stated, the Attorney General, as authorized by 5 U.S.C. § 552a(j)(2), has promulgated rules at 28 C.F.R. § 16.97, exempting these records from the Privacy Act's access provisions. Consequently, the records at issue are central to the BOP's charge of carrying out its law enforcement functions.

22.    Exemption § 522(b)(7)(C) of the FOIA exempts the mandatory release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy.  The information withheld from plaintiff pursuant to Exemption (b)(7)(C), which was compiled by the BOP as part of its law enforcement mandate, consists of personal information about third parties.

23.    A further step in determining whether there would be a "clearly unwarranted invasion of personal privacy" is to balance the interests of protecting an individual's privacy and the

9

public's right to information concerning operation or activities of the government.  In this case, release of the FOI Exempt records of third parties maintained in plaintiff's central file will in no way shed light on any illegal government activities. The privacy rights of the third parties, in this case inmate separatees of plaintiff, far outweigh any public interest in the release of the records.  In fact, the only interest that would be served by release of the records would be plaintiffs.  The records should legitimately be withheld under Exemption (b)(7)(C).

24.    Exemption § 522(b)(7)(F) of the FOIA provides for the withholding of information or records compiled for law enforcement purposes, as the release of which could endanger the life or physical safety of any individual.  After careful consideration of the safety and security concerns of other individuals/inmates, the BOP determined that certain documents should be withheld pursuant to Exemption 7(F).

25.    Exemption §552(b)(2) of the FOIA protects from mandatory disclosure those documents which "relate solely to the internal personnel rules and practices of an agency."  Exemption (b)(2) covers two distinct categories of records, depending upon whether the records fall into the "high" (b)(2) category or the "low" (b)(2) category.

26.    Exemption "low" (b)(2) of the FOIA protects from disclosure internal procedures and practices of an agency, where

10

disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit.  Information can be protected through the use of "low" (b)(2) only if the information qualifies as a personnel rule or internal practice of an agency or is sufficiently related to such a rule or practice. Thus, trivial administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other like administrative markings are exempt from disclosure.

27.    Exemption "high" (b)(2) of the FOIA protects from disclosure internal matters of a far more substantial nature which would risk the circumvention of a statute or agency regulation.    Information can be protected through the use of "high" (b)(2) that is implicitly accorded law enforcement activities pertaining to, for example, guidelines conducting investigations, procedures for prison security, and vulnerability assessments.  Accordingly, he records should legitimately be withheld under Exemption (b)(2)High.

28.    Pursuant to the BOP's duty to manage Federal institutions in a manner which provides for the safekeeping of inmates in their custody, the BOP documents an inmate's Central Inmate Monitoring (CIM) assignment, meaning that there are other individuals, who may or may not be committed to the BOP, from whom an inmate is to be separated from for their mutual protection.    Documentation to support "Separation" or similar

CIM assignments, as determined by BOP, is routinely maintained in the "FOI Exempt" section of an inmate's central file.   In addition to identifying a specific threat, or individual from who an inmate must be separated, these documents also contain other information which could lead to the identification of a specific threat, a separated individual, or the location of a separated individual.   The release of such information could allow an individual to circumvent the BOP's efforts to minimize those threats and ultimately increase threats to the personal safety of individuals as well as the security of BOP institutions.

<u>CONCLUSION</u>

29.   Each step in the handling of plaintiff's request has been entirely consistent with the Bureau of Prisons and the Department of Justice procedures which were adopted to insure equitable responses to all persons seeking access to records under FOIA/PA.

30.   The BOP asserted FOIA exemptions for documents compiled for law enforcement purposes.   Each document, and the pages contained in each document, was evaluated for segregability during the administrative process.   Where a document was withheld in its entirety, BOP determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole.

I declare under a penalty of perjury that the information provided is true and correct to the best of my information, knowledge, and belief.

Executed this <u>8th</u> day of March 2006.

Karen Summers
Paralegal Specialist
Bureau of Prisons
South Central Regional Office
Dallas, Texas

# ATTACHMENT 1
# (FOIA Request No. 2005-05146)

TO: __Director__                                    Date: __April 30, 2005__

Federal Bureau of Prisons

320 First Street, NW

Washington, D. C.   20534

Dear Sir:

   This is a request under the Freedom of Information Act.

   I request a copy of any and all documents, records and information
that any part of your agency has or had in its possession that is
in any way connected to, related to, or even remotely in reference
to my name.

The following particulars may assist you in your search:

All SIS, SIA, ISM and my FOIA EXEMPT FILE records compiled at FCI El

Reno, OK; Oklahoma City Transfer Center, OK; and FCI Medium Forrest City, A

   I will pay reasonable search and reproduction fees.

   My biographical data is as follows:

FULL NAME __SHELBY WAYNE SELLS__

DATE OF BIRTH : __December 7, 1944__

PLACE OF BIRTH : __Sallisaw, Oklahoma__

SOCIAL SECURITY NUMBER: __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__

   I declare under penalty of perjury that the aforementioned biograph-
ical data is that of my person and the signature below is my true
and correct original signature signed under oath.

Executed this __30th__ day of __April__, __2005__.

                                    By_X _Shelby Sells_____
                                             Affiant Herein

(28 USC Section 1746)

Name: __SHELBY SELLS__

Reg. No. __04134-063__

RECEIVED

MAY 1 2 2005

FOIA/PA SECTION
FEDERAL BUREAU OF PRISONS

# ATTACHMENT 2

# BOP-SCRO Acknowledgment Letter
# (FOIA #2005-05146)



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

May 19, 2005

Shelby Sells
Register Number 04134-063
Federal Correctional Institution (Med)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:  Freedom of Information Request Number 2005-05146

Dear Mr. Sharbutt:

This is in response to your recent letter in which you requested
copies of all Federal Bureau of Prisons records that pertain to
you, including all Inmate Systems Management (ISM), Special
Investigative Supervisor/Agent (SIS/SIA), and "FOI Exempt" records.
You also request documents generated at Bureau of Prisons
facilities where you were previously incarcerated.  Your request
for all records is interpreted as a request for copies of records
maintained in your central and medical files.

Please note, the majority of the records created by Bureau of
Prisons staff at facilities where you have previously been
incarcerated would be maintained in your central file, which is
accessible to you where you are currently confined.  Title 28, Code
of Federal Regulation, Section 16.4(b), requires you to  describe
the records that you seek in enough detail to enable staff to
locate them with a reasonable amount of effort.  If you are seeking
copies of specific records other than those maintained at your
current institution, you should resubmit your request, with
additional information to identify the specific records, to the
Bureau of Prisons, Office of General Counsel, 320 First Street, NW,
Washington, D.C. 20534.  The envelope and the request must be
clearly marked "Privacy Act Request."

Bureau of Prisons, Program Statement 1351.05, <u>Release of
Information</u>, states that an inmate who wishes to have copies of
materials in his file should first present his request to local
institution staff.  If, after you review the materials locally, you
wish to acquire additional documents, you may submit a separate
request describing the records sought to the Bureau of Prisons,
Office of General Counsel, 320 First Street, N. W., Washington,

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2005-05146                    May 19, 2005
Shelby Sells; Reg. No. 04134-063            Page 2

D.C.  20534.  The envelope and the request must be clearly marked
"Privacy Act Request."

Please note, copies of the documents maintained by the ISM
department are routinely maintained in your central file.  However,
if you wish to review the J&C file maintained by ISM, you should
submit a request to ISM staff in accordance with established
institution procedure.

By copy of this letter, I am informing staff at the institution
that you should be provided an opportunity to review your central
and medical files and be provided copies of all releasable
documents.

Copies of the documents maintained in the "FOI Exempt" section of
your central file and any investigative records maintained at the
Medium Security Federal Correctional Institution (FCI) in Forrest
City, Arkansas, have been requested and will be reviewed and
released as appropriate by this office.

Your request has been placed in chronological order based on the
date of receipt and will be handled as expeditiously as possible
when it is assigned for processing.

Please be advised that in accordance with Title 28, Code of Federal
Regulations, Section 16.3(c), this request constitutes an agreement
by you to pay all applicable fees up to $25.00.  Please do not
forward payment at this time.  You will be advised of the
applicable fees, if any.

Sincerely,

Michael D. Hood
Regional Counsel

lc

cc:  Linda Sanders, Warden
     FCI Forrest City (Medium)

     NOTE:  Please have the appropriate staff provide Mr. Sells
     with an opportunity to review the central and medical files
     pertaining to him and obtain copies of releasable documents.
     Please note a copy of the releasing correspondence should be
     forwarded to this office.

SENSITIVE - LIMITED OFFICIAL USE

# ATTACHMENT 3

# BOP-SCRO E-mail/Response for "FOIA EXEMPT" (FOIA #2005-05146)

**From:**      Jennifer Patton
**To:**        Collins, Larry
**Date:**      5/20/2005 9:20:41 AM
**Subject:**   Re: FOIA Req No 2005-05153 - GLINSEY, Curtis #10779-042

No, neither have SIS records.

>>> Larry Collins 5/20/2005 8:20:38 AM >>>
Thanks,

I received the faxed FOI Exempt sections on ████████ and Sells yesterday.  Will there be any SIS reports
pertaining to either one?

>>> Jennifer Patton 5/20/2005 8:18:23 AM >>>
I received your telephone message this morning regarding Glinsey.  As far as I know, this one has not
been archived so I will be able to meet the deadline!!

Thanks - J.J.


>>> Larry Collins 5/18/2005 11:50:14 AM >>>
Jennifer,

We received the attached request from the Social Security Administration for copies of records pertaining
to former inmate Curtis Glinsey.  Please ensure a copy of the responsive records are forwarded to this
office by May 31, 2005.

Thanks,

Larry

# ATTACHMENT 4

## Plaintiff's Signed Receipt for Central File Records (FOIA #2005-05146)

Due Date    6-6-05

Request Number    2005-01546

I have reviewed my Central File

Signature _Shelby Sells_, Reg. No. 04134-063  Date 6-2-05

Staff _J. Sut, CSW_, Date 6-2-05

Inmate Refused to sign (Yes )_____

Number of copies provided _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I have reviewed my Medical File

Signature_____, Reg. No._____  Date_____

Staff_____, Date_____

Inmate Refused to sign (Yes)_____

Number of copies provided

# ATTACHMENT 5

# Plaintiff's Signed Receipt for Medical Records (FOIA #2005-05146)

Due Date 6/3/05

Request Number _____

I have reviewed my Central File

Signature_____, Reg. No._____ Date_____

Staff _____, Date_____

Inmate Refused to sign (Yes )_____

Number of copies provided _____


*********************************************
I have reviewed my Medical File

Signature _Shelby Sell_ Reg. No. 04134-063 Date 6/3/05

Staff A. Cook , Date 6/3/05

Inmate Refused to sign (Yes)_____

Number of copies provided

3e

# ATTACHMENT 6

# BOP/SCRO FOIA RELEASE DETERMINATION LTR
# (FOIA #2005-05146)



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

_____

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*


May 24, 2005

Shelby Sells
Register Number 04134-063
Federal Correctional Institution (Med)
Post Office Box 3000
Forrest City, Arkansas 72336

Re:   Freedom of Information Request Number 2005-05146

Dear Mr. Sharbutt:

This is in response to your recent letter in which you requested
copies of all Federal Bureau of Prisons records that pertain to
you.  Your request was interpreted as a request for copies of
documents maintained in your central and medical files and any
investigative records generated at the medium security level
Federal Correctional Institution (FCI) in Forrest City, Arkansas.

The initial response to your request, dated May 19, 2005,
instructed you to conduct a local review of the releasable
documents maintained in your central and medical files.  This
response will provide you the releasable documents, or portions
of documents, maintained in the "FOI Exempt" section of your
central file and any investigative records located in response to
your request.

A thorough investigation was conducted and a total of twenty-nine
(29) pages were located in response to your request.  These
documents have been reviewed and two (2) pages are being released
in their entirety, nine (9) pages are being released with certain
information excised, and the remaining eighteen (18) pages are
being withheld.  The aforementioned withholding of information is
pursuant to:

        Title 5, United States Code, Section 552(b)(2), because the
        information is related solely to the internal personnel
        rules and practices of an agency.

SENSITIVE - LIMITED OFFICIAL USE

FOIA Req. No. 2005-05146                    May 24, 2005
Shelby Sells; Reg. No. 04134-063            Page 2

    Title 5, United States Code Section 552(b)(7)(C), because
    release of the information which is compiled for law
    enforcement purposes would constitute an unwarranted
    invasion of the personal privacy of individuals.

    Title 5, United States Code, Sections 552(b)(7)(F), because
    release of the information which is compiled for law
    enforcement purposes could endanger the physical safety of
    individuals.

Pursuant to Title 28, Code of Federal Regulations, Section 16.9,
this action may be appealed to the Attorney General within sixty
(60) days of the date of this letter by writing to the Office of
Information and Privacy, Department of Justice, Flag Building,
Suite 570, Washington, DC 20530.  Please ensure that the envelope
and request are clearly marked "FOI Request Appeal."

Sincerely,

Michael D. Hood
Regional Counsel

Enclosure: 11 pages

lc

SENSITIVE - LIMITED OFFICIAL USE

# ATTACHMENT 7

# Plaintiff's FOIA Appeal
# (FOIA #2005-05146)

*rec'd 6-14-05*

05-2035   PA?
          A
          BOP

## FOIA APPEAL

**To:** Co-Director                                    **Date:** June 4, 2005

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570                  **RE:** FOIA to      BOP

Washington, D.C.   20530                  Request No.   2005-05146

OFFICE OF INFORMATION
AND PRIVACY

JUN 1 4 2005

Dear Sir:

**RECEIVED**

This is an appeal under the Freedom of Information Act.

Please consider reviewing the action or inaction of the agency:

BOP
_____ in connection to my request for records.
(check appropriate box or boxes below)

_____   The agency has not responded and the time limits within which
to do so has expired.

_____   The agency has claimed that no records could be found and I
want to appeal that "no records" response.

__X__   The agency has blanket denied release of all records.

__X__   The agency has released certain records and withheld some
by claiming certain exemptions.

__X__   The agency has withheld certain records but has not claimed
any exemptions or stated any reason for the deletions.

_____   I believe the agency action or inaction otherwise unjust for
the following reason:

_____

_____

Appellant believes the agency has acted arbitrary and/or capricious-
and asks for review of the action/inaction.

The burden is on the agency to show the material withheld fits
within the parameters of the exemptions claimed.  Appellant asks that
the agency itemize and index the withheld material and include detailed
affidavits & explanations in support to justify any withholdings.

Sincerely,

cc: file

X _Shelby Sells_

Shelby Sells 04134-063

Box 3000, Forrest City, AR 72336

# ATTACHMENT 8

## OIP Acknowledgment Letter dated 6-22-2005
## (Appeal No. 05-2035)
## and
## OIP Final Determination Letter dated 12-16-2005
## Affirming BOP Release Determination
## (FOIA #2005-05146)



*SCR*

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: *(202) 514-3642*                    *Washington, D.C. 20530*

**JUN 2 2 2005**

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex-Medium
P.O. Box 3000
Forrest City, AR 72336



RECEIVED

JUN 2 8 2005

Re:  Request No. 2005-05146

Dear Mr. Sells:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons on your request for information from the files of the Department of Justice was received by this Office on June 14, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2035**.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Chief, Administrative Staff

BoP

U.S. Department of Justice

Office of Information and Privacy

_____

Telephone: (202) 514-3642                    Washington, D.C. 20530

RECEIVED
DEC 2 ? 2005

DEC  16  2005

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex          Re:    Appeal No. 05-2035
Post Office Box 3000                          Request No. 2005-05146
Forrest City, AR  72336                       BVE:GLB:JTR

Dear Mr. Sells:

        You appealed from the action of the South Central Regional Office of the Federal Bureau of
Prisons on your request for access to records concerning yourself.  Specifically, this appeal concerns
the action of the BOP on the records contained in the "FOI Exempt" section of your Central File.

        After carefully considering your appeal, I have decided to affirm the BOP's action on your
request.

        These records are exempt from the access provision of the Privacy Act of 1974 pursuant to
5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97(a) (2005).  Because these records are not available to
you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in
order to afford you the greatest possible access to the records you requested.

        The BOP properly withheld certain information that is protected from disclosure pursuant to:

        5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency
        practices;

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes, the release of which could reasonably be expected to constitute
        an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
        enforcement purposes, the release of which could reasonably be expected to endanger
        the life or personal safety of an individual.

    I have determined that this information is not appropriate for discretionary release.

- 2 -

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Melanie Ann Pustay
Deputy Director