# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHELBY SELLS,                          )
                                       )
                **Plaintiff,**                  )
      **v.**                                )    **Civil Action No. 06CV0077 (RJL)**
                                       )
EXECUTIVE OFFICE FOR UNITED            )
STATES ATTORNEYS, ET. AL,              )
                                       )
           **Defendants**                  )
_____)

## DEFENDANT EOUSA'S MOTION FOR SUMMARY JUDGMENT

Defendant Executive Office for United States Attorneys ("EOUSA"), by and through

their undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure,

hereby respectfully moves for summary judgment in its favor in this case brought pursuant to the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act ("PA"), 5 U.S.C.

§ 552a.[1]  Summary judgment is sought on the grounds that there are no material facts in dispute

and the facts establish that EOUSA is entitled to judgment as a matter of law.  A statement of

material facts as to which there is no genuine dispute, a memorandum of points and authorities in

support of this motion, a declaration by the responsible agency official, with attachments

consistent with the District of Columbia Circuit's opinion in Vaughn v. Rosen, 484 F.2d 820

(D.C. Cir. 1973),  cert. denied, 415 U.S. 977 (1974), and a proposed Order are filed herewith.

Plaintiff should take notice that any factual assertions contained in the documents in

---

[1]  On April 6, 2006, the seven other Defendants in this suit, the U.S. Marshals Service, the Drug
Enforcement Agency, the Criminal Division of the U.S. DOJ, the Bureau of Alcohol, Tobacco
and Firearms, the Federal Bureau of Prisons, the Internal Revenue Service, and the Federal
Bureau of Investigation, filed their Motions for Summary Judgment, which are currently pending
before the Court.  Also on that date, Defendant EOUSA requested an extension of time until
May 22, 2006, to file its dispositive motion with respect to Plaintiff's Complaint.

support of this motion will be accepted by the Court as true unless Plaintiff submits his own

affidavit or other documentary evidence contradicting the assertions in the documents.  See Neal

v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Local Rule 7(h); and Fed. R. Civ. P. 56(e),

which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall
> set forth such facts as would be admissible in evidence, and shall show
> affirmatively that the affiant is competent to testify to the matters stated therein.
> Sworn or certified copies of all papers or parts thereof referred to in an affidavit
> shall be attached thereto or served therewith.  The court may permit affidavits to
> be supplemented or opposed by depositions, answers to interrogatories, or further
> affidavits.  When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment, if appropriate, shall be entered against the adverse
> party.

Fed. R. Civ. P. 56(e).

Dated:  May 22, 2006                Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney


 /s/_____
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney


 /s/_____
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 22, 2006, a copy of the foregoing motion, as well as a supporting

memorandum, a statement of material facts, and a supporting declaration (with exhibits) were

served by regular United States mail, postage pre-paid, upon Shelby Sells, No. 04134-063,

Federal Correctional Complex, Box 3000 (MEDIUM), Forrest City, Arkansas 72336

_/s/_____
Heather R. Phillips

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHELBY SELLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06CV0077 (RJL)** |
| | ) | |
| **EXECUTIVE OFFICE FOR UNITED** | ) | |
| **STATES ATTORNEYS, ET. AL,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## DEFENDANT EOUSA'S STATEMENT OF MATERIAL FACTS
## NOT IN GENUINE DISPUTE

In accordance with Local Rule 7(h), Defendant EOUSA submits this statement of

material facts as to which there is no genuine dispute.

### Procedural History

1.      On May 11, 2005, EOUSA received a FOIA request from Plaintiff asking for "all records

used to prosecute me or to contemplate prosecuting me in all the districts in the entire state of

Oklahoma, inclusive."  See Declaration of David Luczynski ("Luczynski Decl.") ¶ 4, and

Exhibit A attached thereto.

2.      EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference

number concerning the search of the Northern District of Oklahoma, No. 05-1492, by letter dated

June 6, 2005.  Plaintiff was also informed that a request for "all records" is considered a "project

request" which takes considerably more time to process than the statutory period.  Luczynski

Decl. ¶ 5, and Exhibit B attached thereto.

3.      EOUSA informed Plaintiff that a search of the Eastern District of Oklahoma was

assigned FOIA No. 05-1493.  Luczynski Decl. ¶ 6, and Exhibit C attached thereto.

4.      EOUSA informed Plaintiff that a search of the Western District of Oklahoma was assigned FOIA No. 05-1494.  Luczynski Decl. ¶ 7, and Exhibit D attached thereto.

5.      By letter dated June 21, 2005, Plaintiff was informed that the search of the United States Attorney's Office for the Western District of Oklahoma has revealed no records.  Luczynski Decl. ¶ 8, and Exhibit E attached thereto.

6.      After filing his appeal with the OIP, Plaintiff was informed by that office that OIP had affirmed EOUSA's determination.  The Plaintiff was also informed that his request was split into three separate searches and that he had separate appeal rights for each of his FOIA requests. Luczynski Decl. ¶ 9, and Exhibit F attached thereto.

7.      On August 23, 2005, OIP received from Plaintiff another appeal concerning his FOIA requests Nos. 05-1492 and 05-1493.  Luczynski Decl. ¶ 10, and Exhibit G attached thereto.

8.      By letter dated September 6, 2005, OIP informed Plaintiff that EOUSA was still processing Plaintiff's request.  The letter notified Plaintiff that OIP cannot act on the appeal until EOUSA makes an initial determination concerning the search for records.  Luczynski Decl. ¶ 11, and Exhibit H attached thereto.

9.      On August 26, 2005, EOUSA informed Plaintiff that his two free hours of search time had been exhausted and that an additional three hours of search time would be used, which amounted to a fee of $84.  The letter went on to explain that the Eastern District of Oklahoma had found 5 boxes of records.  Since each box may contain between 2000 and 4000 pages, Plaintiff was informed that he may be facing further charges regarding search fees as well as copying fees.  Luczynski Decl. ¶ 12, and Exhibit I attached thereto.

10.      On May 19, 2006, Plaintiff was notified that records had been located in the US

Attorney's Office for the Eastern District of Oklahoma. Accompanying this letter were 108

pages of processed material that were released in full ("RIF"), and 219 pages that were released

in part ("RIP"). Plaintiff was also notified that 445 pages of materials were withheld in full

("WIF"). Some of the records reviewed did not originate with EOUSA. Accordingly, the letter

informed Plaintiff that 5108 pages were referred to the ATF and 959 pages to the DEA, for a

direct response to the Plaintiff. In addition, Plaintiff was advised that FOIA exemptions 5 U.S.C.

§552 (b)(3), (b)(5), (b)(7)(C), and PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the

withheld material. Luczynski Decl. ¶ 13, and Exhibit J attached thereto.

### The Parameters of EOUSA's Search

11.    After receiving Plaintiff's initial FOIA request, EOUSA undertook the search for

responsive documents. Upon receiving Plaintiff's FOIA request, EOUSA forwarded the request

to the FOIA Contacts for the Northern, Eastern, and Western Districts of Oklahoma. Each

United States Attorney's Office maintains the case files for criminal matters prosecuted by that

office. The FOIA Contacts began a systematic search for records on Shelby Sells to determine

the location of any and all files relating to him in order to comply with the request. FOIA

Contacts searched for records from the case files in that case. After a search of the computer

systems the FOIA Contacts for the U.S. Attorney's Office for the Northern and Western Districts

of Oklahoma reported that they found no records responsive to Plaintiff's request. The FOIA

Contact for the Eastern District of Oklahoma informed EOUSA that records responsive to

Plaintiff's request were found in that office. Luczynski Decl. ¶ 14.

12.    To accomplish the search, the FOIA Contacts looked for records in the computer

tracking system for the USAO/OKE, OKW, and OKN that were listed under the name "Sells".

The FOIA Contacts used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.  Luczynski Decl. ¶ 15.

13.     The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS").  The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations.  By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number.  In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Sells."  Luczynski Decl. ¶ 16.

14.     All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Eastern District of Oklahoma, ("USAO/OKE").  The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Shelby Sells.  The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crimes involving the production and distribution of methamphetamine commonly referred to as "crystal meth."  Luczynski Decl. ¶ 17.

15.     There are no other records systems or locations within the District of Oklahoma (USAO/OKE, OKW, and OKN ) in which other files pertaining to Plaintiff's criminal case were maintained.  Luczynski Decl. ¶ 18.

16.     In order to explain the withholdings made by EOUSA, Mr. Luczynski prepared a Vaughn Index.  Luczynski Decl. ¶ 19 and Exhibit K attached thereto.

17.     Mr. Luczynski's Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d

820 (D.D.C. 1973).  As shown by the <u>Vaughn</u> Index, EOUSA withheld in full 445 pages and

released in part 290 pages of documents.  The <u>Vaughn</u> Index attached to Mr. Luczynski's

declaration describes each document and sets forth the reasons for EOUSA's decisions regarding

withholding information for each document.  Luczynski Decl. ¶ 19 and Exhibit K attached

thereto.

Dated: May 22, 2006.                    Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney


/s/
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney


/s/
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHELBY SELLS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 06CV0077 (RJL)** |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED | ) | |
| STATES ATTORNEYS, ET. AL, | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT EOUSA'S MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

Privacy Act ("PA"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA-PA

request by Defendant EOUSA.  EOUSA has completed its processing of Plaintiff's FOIA

request, produced all responsive, non-exempt records in its possession, and explained its reliance

on FOIA Exemptions (b)(3), (b)(5), and (b)(7)(C).  There are no material facts in dispute and

Defendant EOUSA is entitled to judgment in its favor as a matter of law.  Accordingly, summary

judgment should be granted pursuant to Fed. R. Civ. P. 56.

**II.   STANDARD OF REVIEW**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56,

which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine

issue as to any material fact."  Fed. R. Civ. P. 56(c).  Where no genuine dispute exists as to any

material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242

(1986).  A genuine issue of material fact is one that would change the outcome of the litigation.

Id. at 248.  "The burden on the moving party may be discharged by 'showing' -- that is, pointing

out to the [Court] -- that there is an absence of evidence to support the non-moving party's case."

Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987),

(quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (emphasis in original)).

     Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment, a plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief.  In Celotex Corp., 477 U.S. at 322-323, the

Supreme Court held that, in responding to a motion for summary judgment, the party who bears

the burden of proof on an issue at trial must "make a sufficient showing on an essential element

of [his] case" to establish a genuine dispute.  In another opinion that the Supreme issued on the

same day it issued Celotex, the Court explained the circumstances under which summary

judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . .
> summary judgment may be granted . . . . [T]he mere existence of a scintilla of
> evidence in support of the plaintiff's position will be insufficient; there must be
> evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 249-50, 252.  See Johnson v. Digital Equipment Corp., 836 F. Supp. 14,

15 (D.D.C. 1993).  In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and

inexpensive determination of every action.'"  Celotex, 477 U.S. at 327.

     FOIA cases are typically decided on motions for summary judgment.  See Cappabianca

v. Commissioner, United States Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994)

("once documents in issue are properly identified, FOIA cases should be handled on motions for

summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  To be entitled

to summary judgment, the agency must prove that each document was produced, not withheld, is

unidentifiable, or is exempt from disclosure.  Weisberg v. United States Dept. of Justice, 627

F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or

declarations and other evidence by the agency which show that the documents are exempt from

disclosure.  Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386

(D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. United States

Department of Army, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted

solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed

descriptions of the documents and allege facts sufficient to establish that the documents are

within the FOIA exemption category; the district court need look no further."  Citizens

Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227

(9th Cir. 1991).  See also Hayden, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d

724, 738 (D.C. Cir. 1981).

These declarations or affidavits (singly or collectively) are often referred to as a Vaughn

index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S.

977 (1974).[2]  There is no set formula for a Vaughn index.  "[I]t is well established that the

_____

[2]  "A Vaughn index must:  (1) identify each document withheld; (2) state the statutory exemption
claimed; and (3) explain how disclosure would damage the interests protected by the claimed
exemption."  Citizens Commission on Human Rights, 45 F.3d at 1326.  "Of course the
explanation of the exemption claim and the descriptions of withheld material need not be so
detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently

critical elements of the <u>Vaughn</u> index lie in its function, and not in its form." <u>Kay v. FCC</u>, 976

F. Supp. 23, 35 (D.D.C. 1997). "The materials provided by the agency may take any form so

long as they give the reviewing court a reasonable basis to evaluate the claim of privilege."

<u>Delaney, Midgail & Young, Chartered v. IRS</u>, 826 F.2d 124, 128 (D.C. Cir. 1987). <u>See</u> <u>also</u>

<u>Keys v. U.S. Dep't of Justice</u>, 830 F.2d 337, 349 (D.C. Cir. 1987); <u>Hinton v. Dep't of Justice</u>,

844 F.2d 126, 129 (3d Cir. 1988).[3]  The Court exercises <u>de novo</u> review over FOIA matters, and

the burden is on the agency to justify all nondisclosures.  <u>See</u> 5 U.S.C. § 552(a)(4)(B); <u>Dep't of</u>

<u>Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 755 (1989).

     In support of this motion, Defendant EOUSA has provided a declaration by David

Luczynski, an Attorney Advisor with EOUSA.  <u>See</u> Declaration of David Luczynski

("Luczynski Decl.").  In that capacity, Mr. Luczynski's responsibilities include acting as liaison

with other divisions and offices of the Department of Justice ("DOJ") in responding to requests

and the litigation filed under both the FOIA, 5 U.S.C. §552 (1988), and the Privacy Act ("PA")

of 1974, 5 U.S.C. §552a (1988), the reviewing of FOIA/PA requests for access to records located

at EOUSA and in ninety-four United States Attorney offices ("USAOs") and the case files

arising therefrom, reviewing of correspondence related to requests, reviewing of searches

_____

specific to permit a reasoned judgment as to whether the material is actually exempt under
FOIA." <u>Founding Church of Scientology v. Bell</u>, 603 F.2d 945, 949 (D.C. Cir. 1979).

[3]  "All that is required, and that is the least that is required, is that the requester and the trial
judge be able to derive from the index a clear explanation of why each document or portion of a
document withheld is putatively exempt from disclosure." <u>Id.</u>  "The degree of specificity of
itemization, justification, and correlation required in a particular case will, however, depend on
the nature of the document at issue and the particular exemption asserted." <u>Information
Acquisition Corp. v. Dep't of Justice</u>, 444 F. Supp. 458, 462 (D.D.C. 1978).

conducted in response to requests, locating of responsive records, preparing of responses thereto

by the EOUSA to assure that determinations to withhold (or to release) such responsive records

are in accordance with the provisions of both the FOIA and the PA, as well as the Department of

Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.). Luczynski Decl. ¶ 1.

    As an Attorney Advisor of the FOIA/PA Unit, EOUSA, Mr. Luczynski has the authority

to release and withhold records requested under the FOIA/PA. The statements made in his

Declaration are based on his review of the official files and records of EOUSA, on his own

personal knowledge, and on the basis of information acquired by him through the performance of

his official duties. Luczynski Decl. ¶ 2. Due to the nature of Mr. Luczynski's official duties, he

is familiar with the procedures followed by EOUSA in responding to the FOIA/PA requests

made to EOUSA by Plaintiff, and is familiar with the Complaint filed in this matter. Luczynski

Decl. ¶ 3. In short, the Luczynski Declaration and attached Vaughn index provide the Court

with sufficient information to review EOUSA's actions and responses to Plaintiff's FOIA

requests and grant summary judgment in EOUSA's favor.

## III.    STATEMENT OF FACTS

    On May 11, 2005, EOUSA received a FOIA request from Plaintiff asking for "all records

used to prosecute me or to contemplate prosecuting me in all the districts in the entire state of

Oklahoma, inclusive." Luczynski Decl. ¶ 4, and Exhibit A attached thereto. Upon receiving

Plaintiff's FOIA request, EOUSA forwarded the request to the FOIA Contacts for the Northern,

Eastern, and Western Districts of Oklahoma. Luczynski Decl. ¶ 14. Each United States

Attorney's Office maintains the case files for criminal matters prosecuted by that office. Id. The

FOIA Contacts for the Northern, Eastern, and Western Districts of Oklahoma began a systematic

search for records on Shelby Sells to determine the location of any and all files relating to him in order to comply with the request. Id.

To accomplish the search, the FOIA Contacts looked for records in the computer tracking system for the USAO/OKE, OKW, and OKN that were listed under the name "Sells." Luczynski Decl. ¶ 15. The FOIA Contacts used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files. Id. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). Luczynski Decl. ¶ 16. The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. Id. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. Id. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Sells". Id.

After a search of the computer systems the FOIA Contacts for the U.S. Attorney's Office for the Northern and Western Districts of Oklahoma reported that they found no records responsive to Plaintiff's request. Luczynski Decl. ¶ 14. The FOIA Contact for the Eastern District of Oklahoma informed EOUSA that records responsive to Plaintiff's request were found in that office. Luczynski Decl. ¶ 14. As such, all documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Eastern District of Oklahoma. Luczynski Decl. ¶ 17. The records are maintained in the Criminal Case File System (Justice/USA-007) entitled United States v. Shelby Sells. Id. The case pertains to the

investigation, prosecution, and conviction of the Plaintiff for his crimes involving the production and distribution of methamphetamine commonly referred to as "crystal meth."  Id.  There are no other records systems or locations within the District of Oklahoma (USAO/OKE, OKW, and OKN ) in which other files pertaining to Plaintiff's criminal case were maintained.  Luczynski Decl. ¶ 18.

On May 19, 2006, Plaintiff was notified by letter that records had been located in the US Attorney's Office for the Eastern District of Oklahoma.  Luczynski Decl. ¶ 13, and Exhibit J attached thereto.  Accompanying this letter were 108 pages of processed material that were released in full ("RIF"), and 219 pages that were released in part ("RIP").  Id.  Plaintiff was also notified that 445 pages of materials were withheld in full ("WIF").  Id.  Some of the records reviewed did not originate in the EOUSA.  Id.  Accordingly, the letter informed Plaintiff that 5108 pages were referred to the ATF and 959 pages to the DEA, for a direct response to the Plaintiff.[4]  Id.  In addition, Plaintiff was advised that FOIA exemptions 5 U.S.C. §552 (b)(3), (b)(5), and (b)(7)(C), and PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the withheld material.  Id.

In order to explain the withholdings made by EOUSA, Mr. Luczynski prepared a Vaughn Index.  Luczynski Decl. ¶ 19 and Exhibit K attached thereto.  As shown by the Vaughn Index, EOUSA withheld in full 445 pages and released in part 290 pages of documents.  Luczynski Decl. ¶ 19.  The Vaughn Index attached to Mr. Luczynski's declaration describes each document

---

[4]  As noted above, on April 6, 2006 (and therefore prior to receiving these documents from EOUSA), ATF and DEA filed Motions for Summary Judgment in this case.  ATF and DEA have not yet reviewed the documents referred to them from EOUSA, and have not yet determined whether a supplement to their Motions for Summary Judgment is necessary.  Notably, however, Plaintiff has not yet filed an opposition to ATF and DEA's Motions for Summary Judgment.

and sets forth the reasons for EOUSA's decisions regarding withholding information for each

document.  <u>Id.</u>

## IV.   DEFENDANT EOUSA IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR.

### A.   EOUSA Properly Withheld Information Pursuant to the Privacy Act and Exemption 7(C).

As indicated in the <u>Vaughn</u> index prepared by Mr. Luczynski, EOUSA withheld certain

information from the responsive documents provided by Plaintiff pursuant to Exemption 7(C).

Luczynski Decl. ¶¶ 20, 29-32, and Exhibit K attached thereto.  To justify these redactions,

EOUSA must show that they are subject both to a Privacy Act exemption and a FOIA

exemption.  <u>See</u> <u>Martin v. Office of Special Counsel</u>, 819 F.2d 1181, 1184 (D.C. Cir. 1987).

EOUSA has made the necessary showing here, and the Court should therefore grant the

EOUSA's motion for summary judgment.

Exemption (j)(2) authorizes an agency to promulgate rules to exempt certain systems of

records from (among other things) subsection (d) of the Privacy Act -- the subsection providing

an individual the right of access to records pertaining to himself.  5 U.S.C. § 552a(j)(2).  The

exemption applies to systems of records that are:

> maintained by an agency or component thereof which
> performs as its principal function any activity pertaining to
> the enforcement of criminal laws, including police efforts to
> prevent, control, or reduce crime or to apprehend criminals,
> and the activities of prosecutors, courts, correctional,
> probation, pardon, or parole authorities, and which consists
> of (A) information compiled for the purpose of identifying
> individual criminal offenders and alleged offenders and
> consisting only of identifying data and notations of arrests,
> the nature and disposition of criminal charges, sentencing,
> confinement, release, and parole and probation status;
> (B) information compiled for the purpose of a criminal
> investigation, including    reports of informants and
> investigators, and associated with an identifiable individual;
> or (C) reports identifiable to an individual compiled at any
> stage of the process of enforcement of the criminal laws from

-9-

arrest or indictment through release from supervision.

Id. The rules must explain "the reasons why the system of records is to be exempted from a provision of this section." Id. EOUSA has promulgated such regulations at 28 C.F.R. § 16.81(a)(1), which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2).

It follows therefore that Plaintiff cannot rely on the Privacy Act to obtain any of the excised portions of records at issue. Plaintiff is only entitled to access records about him pursuant to the FOIA, and then only to the extent that the exemptions to the FOIA do not apply. See Martin, 819 F.2d at 1184. Moreover, and as described in the Luczynski Declaration, the excised portions of the records pertain solely to third parties, and not to Plaintiff. Luczynski Decl. ¶ 30, and Exhibit K attached thereto. Therefore subsection (d) of the Privacy Act would not allow Plaintiff access to this information in any event.

With respect to the redactions and withholdings made by EOUSA to the pages released to Plaintiff, these were properly made pursuant to 5 U.S.C. § (b)(7)(C). The FOIA exempts from the requirement of disclosure:

> (7)  records or information compiled for law enforcement purposes, . . . to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . . .

5 U.S.C. § (b)(7)(C).

In the instant case, EOUSA properly and reasonably applied this exemption to withhold the identities of and personal information about third party individuals, such as the names, home and cell phone numbers of individuals who had been served with subpoenas, the names of other

-10-

defendants, the names of recipients who had received letters from AUSAs concerning discovery and discovery receipt, names of third party witnesses, the names of government agents, and the names of potential cooperating witnesses.  See Vaughn index, attached as Exhibit K to the Luczynski Decl.  Release of this third-party information would constitute an unwarranted invasion of these individuals' right to personal privacy.

In order to overcome legitimate privacy interests, the requester must not only demonstrate the existence of a public interest, but also that the public interest is both significant and compelling.  Senate of Puerto Rico v. Dep't of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987); Stone v. FBI, 727 F. Supp. 662, 667-69 (D.D.C. 1990).  Exemption 7(C)'s privacy interests require agencies to safeguard "the personal privacy of citizens against the uncontrolled release of information compiled through the power of the state."  National Archives v. Favish,  541 U.S. 157, 172 (2004).  To protect such privacy interests, the statute requires:

> the person requesting the information to establish a sufficient reason for the disclosure.  First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake.  Second, the citizen must show the information is likely to advance that interest.  Otherwise, the invasion of privacy is unwarranted.

Id. (emphasis added).

This Court's decisions have consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants.  See Fitzgibbon v. Cent. Intelligence Agency, 911 F.2d 755, 767-68 (D.C. Cir.1990); Keys, 830 F.2d at 347-48; King v. Dep't of Justice, 830 F.2d 210, 234-35 (D.C. Cir. 1987); Puerto Rico Judiciary Comm., 823 F.2d at 588; Bast v. Fed. Bureau of Investigation, 665 F.2d 1251, 1254-55 (D.C. Cir.1981); Lesar v. United States Dep't

of Justice, 636 F.2d 472, 487-88 (D.C. Cir.1980). In SafeCard Services, Inc. v. SEC, the Court

adopted a categorical rule permitting an agency to withhold information identifying private

citizens mentioned in law enforcement records, unless disclosure is "necessary in order to

confirm or refute compelling evidence that the agency is engaged in illegal activity." 926 F.2d

1197, 1206 (D.C. Cir.1991); see also Nation Magazine, Washington Bureau v. United States

Customs Serv., 71 F.3d 885, 896 (D.C. Cir.1995) (explaining and reaffirming the SafeCard rule).

     Plaintiff presents no public interest to warrant disclosing the names of law enforcement

officers and other government employees or fellow prisoners.  Law enforcement personnel have

protectable privacy interests in their anonymity.  Computer Prof'ls for Social Responsibility v.

U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996); Farese v. U.S. Dep't of Justice, 683 F.

Supp. 273, 275 (D.D.C. 1987).  The fact that the requester might be able to figure out the

individuals' identities through other means, or that their identities have been disclosed elsewhere,

does not diminish the privacy interests at stake.  Fitzgibbon, 911 F.2d at 755; Weisberg, 745

F.2d at 1476.

     Conversely, there is a legitimate public interest in promoting the efficient performance of

official duties which is fostered by shielding government employees from unnecessary public

attention, harassment, and annoyance or possible danger.  Additionally, one who serves as a

career public servant is not thereby stripped of every vestige of personal privacy, even with

respect to the discharge of their official duties.  Public identification of these law enforcement

officers and other government employees could subject them to harassment and unwarranted

scrutiny, both in the course of performing their official duties and in their private lives, and could

possibly pose a danger to their life or physical safety.  Therefore, the public interest weighs in

-12-

favor of non-disclosure to foster privacy and the efficient performance of official duties

regarding the receipt, processing, transportation and custody of prisoners, the execution of

Federal arrest warrants, and the investigation of fugitive matters.  Absent a legitimate public

interest, disclosure could reasonably be expected to constitute an unwarranted invasion of

personal privacy.  See 5 U.S.C. § 552 (b)(7)(C); Davis v. U.S. Dep't of Justice, 968 F.2d 1276,

1281 (D.C. Cir. 1992); Lesar, 636 F.2d at 487-88.

Similarly, Plaintiff has not, and cannot, present a public interest in disclosure of the

names of and information pertaining to other third-party individuals, including other defendants.

Further, he provides no indication as to how disclosure of such information would meet the basic

purpose of the FOIA, i.e., to shed light on an agency's performance of its statutory duties, nor is

there any public interest in disclosure that would outweigh the privacy of these individuals.

Albuquerque Publ'g Co. v. Dep't of Justice, 726 F. Supp. 851, 855 (D.D.C. 1989).  The public

interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's

performance of its statutory duties."  Reporters Comm. for Freedom of the Press, 489 U.S. at 773

(sustaining nondisclosure of criminal records or "rap sheets").  Disclosure to Plaintiff would be

equivalent to disclosure to the public and, as such, could reasonably be expected to constitute an

unwarranted invasion of personal privacy since no legitimate public interest would be served by

disclosure.  To the contrary, disclosure could subject the individuals to harassment and

unwarranted scrutiny for having been associated with a criminal investigation or the detention of

a federal criminal defendant.  See 5 U.S.C § 552(b)(7)(C).

EOUSA properly redacted information and withheld documents from the responsive

documents provided to Plaintiff in light of Exemption (b)(7)(C), and properly withheld the

-13-

protected information.  See Luczynski Decl. ¶¶ 29-32.  Again, Exemption (b)(7)(C) was applied

here to redact information to protect the identity of third-party individuals, such as other

defendants, witnesses, potential cooperators, and government agents, as the release of such

information could subject these persons to an unwarranted invasion of their personal privacy.

EOUSA therefore properly determined that such information was exempt from disclosure by

law, and that there was no public interest in the release of this privacy-protected information,

because its dissemination would not help explain government activities and operations.  No

public interest would counterbalance the law enforcement and third-party individuals' privacy

right in the information withheld.  Moreover, there is no indication that any individual provided

any authorization or consent to disclose such information.  See 5 U.S.C. § 552a(b) ("No agency

shall disclose any record . . . contained in a system of records . . . except pursuant to a written

request by, or with the prior written consent of, the individual to whom the record pertains"

unless otherwise authorized by law).

## B.    EOUSA PROPERLY APPLIED EXEMPTION 3.

EOUSA properly applied FOIA Exemption (b)(3) in conjunction with Rule 6(e) of the

Federal Rules of Criminal Procedure to withhold in full certain of the responsive records

requested by Plaintiff.  Luczynski Decl. ¶ 23.  Title 5 U.S.C. § 552(b)(3) allows for the deletion

of information "specifically exempted from disclosure by statute (other than section 552(b) of

this title), provided that such statute (A) requires that the matters be withheld from the public in

such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for

withholding or refers to particular types of matters to be withheld."  Id.[5]

---

[5]  "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the
detailed factual contents of specific documents; the sole issue for decision is the existence of a

Federal Rule of Criminal Procedure 6(e) explicitly bars disclosure of "matters occurring before the grand jury", and serves to preserve the secrecy of the grand jury proceedings.[6]  It has long been recognized that Fed.R.Crim.P. 6(e) qualifies as a FOIA Exemption (b)(3) statute.  See, e.g., Church of Scientology International v. U.S. Dept. of Justice, 30 F.3d 224, 235 (1st Cir. 1994); Fund for Constitutional Government v. National Archives and Records Service, 656 F.2d 856, 867-68 (D.C. Cir. 1981) (the argument that the Federal Rules of Criminal Procedure are not "statutes" for FOIA Exemption (b)(3) purposes was soundly rejected with respect to Rule 6(e).)

Rule 6(e) is precise in its description of the circumstances under which grand jury information may be disclosed, none of which are applicable here.  See Fed.R.Crim.P. 6(e)(3).  First, disclosure may be made to a government attorney "for use in the performance of such attorney's duty", Fed.R.Crim.P. 6(e)(3)(A)(i).  Second, limited disclosure may be made to "government personnel" deemed necessary by a federal government attorney to assist federal government counsel in the "performance of such attorney's duty to enforce federal criminal law." Fed.R.Crim.P. 6(e)(3)(A)(ii).  Three other exceptions permit disclosure only by court order.  See Fed.R.Crim.P. 6(e)(3)(C)(i),(ii), and (iv).  The last exception permits a federal government attorney to disclose otherwise secret material "to another federal grand jury".  Fed.R.Crim.P. 6(e)(3)(C)(iii). Thus, Rule 6(e) establishes particular criteria as to the withholding of information.  None of the criteria are applicable in this case.  Thus, because none of the Rule

---

relevant statute and the inclusion of withheld material within that statute's coverage."  Goland v. CIA, 607 F.2d 339, 350 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980).

[6]     In relevant part, Rule 6(3)(2) provides:  "General Rule of Secrecy.  A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or a person to whom disclosure is made pursuant to paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury....  A knowing violation of Rule 6 may be punished as a contempt of court."

6(e) exceptions apply, the rule's "ban on disclosure is for FOIA purposes absolute and falls within subpart (A) of Exemption 3." Fund for Constitutional Government, 656 F.2d at 868.

Therefore, the sole issue for decision in this case is whether the withheld material logically falls within the scope and coverage of Rule 6(e). In order to effectuate Rule 6(e)'s objectives, "the scope of the secrecy is necessarily broad. It encompasses not only the direct revelation of grand jury transcripts but also the disclosure of information which would reveal 'the identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" Fund for Constitutional Government, 656 F.2d at 869 (quoting SEC v. Dresser Industries Inc.,628 F.2d 1368, 1382 (D.C. Cir. 1980)).

In the instant case, EOUSA withheld certain documents and information because part of the materials requested were specifically identified as grand jury materials, which, if released, would impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Luczynski Decl. ¶ 23 and Exhibit K attached thereto. Grand jury transcripts as well as the names of grand jury witnesses were withheld. Id. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought evidence to develop its case, how the Government developed its case, and whom the Government relied upon to develop the elements of the alleged crimes. Id. Accordingly, documents responsive to Mr. Sells' FOIA request relating to Grand Jury materials were properly withheld in full. Fund for Constitutional Government, 656 F.2d at 868.

-16-

### C.     EOUSA Properly Applied Exemption 5.

EOUSA properly relied on Exemption 5 to withhold information covered by the attorney work product and deliberative process privileges.  Luczynski Decl. ¶¶ 25-28.  Section 552(b)(5) of Title 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency."  5 U.S.C. § 552(b)(5).  Accordingly, Exemption 5 ensures that the public cannot obtain, through FOIA, documents "which a private party could not discover in litigation with the agency."  NLRB v. Sears, Roebuck & Co., 421 U.S. 132 (1975), citing EPA v. Mink, 410 U.S. 73, 85-86, 93 S. Ct. 827, 835, 35 L. Ed. 2d 119 (1973).  The exemption incorporates the attorney-client privilege, the attorney work-product privilege, and the executive "deliberative process" privilege that protects candid internal discussion of legal or policy matters".  Maricopa Audubon Society v. U.S. Forest Service, 108 F.3d 1082, 1084 n. 1 (9th Cir. 1997).

### 1.     The attorney work-product privilege

The attorney work-product privilege protects documents and other memoranda, prepared by an attorney or others at the attorney's direction in contemplation of litigation, which set forth the attorney's theory of the case and litigation strategy.  Hickman v. Taylor, 329 U.S. 495, 509-11, 67 S. Ct. 385, 91 L. Ed. 451 (1947); A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138, 146 (2d Cir. 1994).  The Hickman Court recognized that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."  Coastal States Gas Corp. v. Dept. of Energy, 617 F.2d 854, at 864 (D.C. Cir. 1980), quoting Hickman.

The protections of Exemption 5 as to the attorney work-product privilege, as well as the

-17-

other privileges, are not limited to civil litigation. Rather, courts have either explicitly or

implicitly recognized that the work-product doctrine is applicable to criminal prosecutions when

the courts have upheld the nondisclosure of documents prepared in the context of a criminal

investigation/prosecution pursuant to the (b)(5) Exemption. See Antonelli v. Sullivan, 732 F.2d

560, 561 (7th Cir. 1983); Ferri v. U.S. Dept. of Justice, 573 F. Supp. 852, n. 33 (W.D.Pa. 1983);

Harvey v. U.S. Dept. of Justice, 747 F. Supp. 29, 37 (D.D.C. 1990); Durham v. U.S. Dept. of

Justice, 829 F. Supp. 428, 433 (D.D.C. 1993); Jimenez v. FBI, 938 F. Supp. 21, 28 (D.D.C.

1996). Further, Fed.R.Crim.Proc. 16(a)(2) excludes from disclosure the discovery or inspection

of reports, memoranda, or other internal government documents made by the attorney for the

government or any other government agent investigating or prosecuting the case. "[U]nder Rule

16(a)(2), [a defendant] may not examine Government work product in connection with his case."

United States v. Armstrong, 517 U.S. 456 (1996).

The courts have held that "if material is exempt from FOIA disclosure because of the

attorney work product privilege, the exemption does not terminate at the close of the litigation

for which the material was prepared." See FTC v. Grolier, Inc., 462 U.S. 19, 28 (1983). Rather

"attorney work product is exempt from mandatory disclosure without regard to the status of the

litigation for which it was prepared." Grove v. Dept. of Justice, et al., 802 F. Supp. 506, 514

(D.D.C. 1992).

### 2.    The deliberative process privilege

"The deliberative process privilege, also known as the 'executive' or

'governmental' privilege serves many purposes."[7] Eugene Burger Management Corp. v. U.S.

---

[7]    The deliberative process privilege serves: "'to assure that subordinates within an agency
will feel free to provide the decisionmaker with their uninhibited opinions and recommendations

Dept. of Housing and Urban Development, 192 F.R.D. 1, 4 (D.D.C. 1999)  The main purpose of

this privilege "which is well established in the law, is . . . to 'prevent injury to the quality of

agency decisions.'" Cofield, et al. v. City of LaGrange, Georgia, 913 F. Supp. 608, 615 (D.D.C.

1996) (quoting NLRB, 421 U.S. at 151).  The deliberative process privilege prevents harm to the

quality of agency decisions by shielding the opinions, conclusions and reasoning used in the

administrative and decision making process of the Government.  See U.S. v. Morgan, 313 U.S.

40, 422 (1941); Petroleum Info Corp. v. Dept. of the Interior, 976 F.2d 1429, 1434 (D.C. Cir.

1992); Access Reports v. Dept. of Justice, 926 F.2d 1192, 1194-1195 (D.C. Cir.  1991); United

States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993).

For a document to be covered by the deliberative process privilege, two requirements

must be satisfied.  First, it must be predecisional, i.e., "antecedent to the adoption of agency

policy." Jordan v. Dept. of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc).  In

determining whether a document is predecisional, the Supreme Court has held that an agency

need not identify a specific decision in connection with which a document is prepared.  NLRB v.

Sears, Roebuck & Co., 421 U.S. at 151 n.18.  The Court recognized that agency deliberations do

not always ripen into agency decisions, and that ultimately the privilege is meant to protect the

decisional process, rather than any particular document or decision.  Id.; see also Dudman

Communications Corp. v. Dept. of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987).  It is

sufficient for the agency to establish "what deliberative process is involved, and the role played

---

without fear of being subject to public ridicule or criticism; to protect against premature
disclosure of proposed policies before they have been finally formulated or adopted; and to
protect against confusing the issues and misleading the public by dissemination of documents
suggesting reasons and rationales for a course of action which were not in fact the ultimate
reasons for the agency's actions.'"  Eugene Burger Management Corp., 192 F.R.D. at 4 (quoting
Coastal States, 617 F.2d at 866).

by the documents in issue in the course of that process." <u>Coastal States</u>, 617 F.2d at 868.

<u>Second</u>, the document must be deliberative in nature, <u>i.e.</u>, it must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." <u>Vaughn</u>, 523 F.2d at 1143-44. Deliberative documents frequently consist of "advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." <u>NLRB v. Sears, Roebuck & Co</u>., 421 U.S. at 150. Thus, the exemption covers recommendations, draft documents, proposals, analyzes, suggestions, discussions, and other subjective documents that reflect the give-and-take of the consultative process. <u>Coastal States</u>, 617 F.2d at 866. Documents are part of the deliberative process when they are "actually related to the process by which policies are formulated," and "antecedent to the adoption of an agency policy. <u>Jordan</u>, 591 F.2d at 775. Moreover, documents reflecting an "agency's group thinking in the process of working out its policy and determining what its law shall be," are exempt under FOIA Exemption 5. <u>Id</u>. (quoting <u>NLRB</u>, 421 U.S. at 153).

EOUSA claimed exemption (b)(5) for two of the three primary privileges: attorney work-product and deliberative process. Luczynski Decl. ¶ 26 and Exhibit K attached thereto. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal evaluations and opinions pertinent to Plaintiff's criminal case. Luczynski Decl. ¶ 27. The records contain deliberations concerning asset forfeiture decisions. <u>Id</u>. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. <u>Id</u>. The substance of the records withheld in part or in their entirety are therefore exempt from disclosure

pursuant to Exemption 5.

In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff.  Luczynski Decl. ¶ 28.  To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies.  Id.  Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.  Id.  The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.  Id.  The Court should uphold EOUSA's reliance on Exemption 5, and grant summary judgment in EOUSA's favor.

### D.    EOUSA RELEASED ALL REASONABLY SEGREGABLE MATERIAL.

Finally, in applying FOIA exemptions, EOUSA released all reasonably segregable material.  The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).  The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte."  Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements".  Mead Data,

566 F.2d at 261.  The agency is not, however, required "to provide such a detailed justification"
that the exempt material would effectively be disclosed.  Id.  All that is required is that the
government show "with 'reasonable specificity'" why a document cannot be further segregated.
Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996).
Moreover, the agency is not required to "commit significant time and resources to the separation
of disjointed words, phrases, or even sentences which taken separately or together have minimal
or no information content."  Mead Data, 566 F.2d at 261, n.55.

In the instant case, EOUSA has met its segregability obligation.  First, the agency has set
forth in a sworn declaration that the documents have been reviewed for segregability, as well as
its determination that no additional information could be released to the Plaintiff.  See Luczynski
Decl. ¶ 33.  Specifically, "[e]ach document, and each page contained in each document, was
evaluated for segregability."  Id.  Second, the Vaughn index attached to the Luczynski
Declaration provides a detailed analysis of the information withheld from Plaintiff,
demonstrating that the documents were carefully considered for segregability purposes.  See
Exhibit K, attached to the Luczynski Decl.  Moreover, it is apparent that much of the non-
released information, consisting of the names of government agents and identifying information
about third-party witnesses and defendants, cannot be further segregated, as such information is
inherently non-segregable.  In sum, the Luczynski Declaration and Vaughn index adequately
demonstrate that all reasonably segregable, non-exempt information has been disclosed.  For the
reasons set forth by Mr. Luczynski in his Declaration, EOUSA's application of Exemptions
(b)(3), (b)(5), and 7(C) to redact and withhold certain information from the responsive
documents disclosed to Plaintiff should be upheld, and the Court should grant Defendant

EOUSA's motion for summary judgment.

## V.  **CONCLUSION**

As set forth above, Defendant EOUSA has responded properly to Plaintiff's request and has complied with its obligations under the Privacy Act and the FOIA.  Accordingly, the Court should grant Defendant's motion for summary judgment and dismiss this case.

Dated: May 22, 2006                    Respectfully submitted,

/s/_____
KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

 /s/_____
RUDOLPH CONTRERAS
D.C. Bar # 434122
Assistant United States Attorney

 /s/_____
HEATHER R. PHILLIPS
C.A. Bar # 19620
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E4212
Washington, DC 20530
(202) 514-7139

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHELBY SELLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06CV0077 (RJL)** |
| | ) | |
| **EXECUTIVE OFFICE FOR UNITED** | ) | |
| **STATES ATTORNEYS, ET. AL,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant's motion for summary judgment, the opposition thereto, and the entire record herein, it is this _____ day of _____, hereby

ORDERED that the Defendant's motion is hereby GRANTED and this case is hereby DISMISSED.

_____
UNITED STATES DISTRICT JUDGE