IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELBY SELLS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE and EXECUTIVE OFFICE OF )<br>UNITED STATES ATTORNEYS, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:06-CV-00077-RJL |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Shelby Sells. I have reviewed the complaint which this Declaration addresses.

## **CHRONOLOGY**

4. On May 11, 2005, EOUSA received a FOIA request from Plaintiff asking for "all records used to prosecute me or to contemplate prosecuting me in all the districts in the entire state of Oklahoma, inclusive." **Exhibit A**.

5. EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number concerning the search of the Northern District of Oklahoma, No. 05-1492, by letter dated June 6, 2005. The Plaintiff was also informed that a request for "all records" is considered a "project request" which takes considerably more time to process than the statutory period. **Exhibit B**.

6. EOUSA informed Plaintiff that a search of the Eastern District of Oklahoma was assigned FOIA No. 05-1493. **Exhibit C**.

7. EOUSA informed Plaintiff that a search of the Western District of Oklahoma was assigned FOIA No. 05-1494. **Exhibit D**.

8. By letter dated June 21, 2005, Plaintiff was informed that the search of the United States Attorney's Office for the Western District of Oklahoma has revealed no records. **Exhibit E**.

9. After filing his appeal with the OIP, Plaintiff was informed by that office that OIP has affirmed EOUSA's determination. The Plaintiff was also informed that his request was split into three separate searches and that he has separate appeal rights for each of his FOIA requests. **Exhibit F**.

10. On August 23, 2006, OIP received from Plaintiff another appeal concerning his FOIA reqeusts Nos. 05-1492 and 05-1493. **Exhibit G**.

11. By letter dated September 6, 2005, OIP informed Plaintiff that EOUSA was still processing Plaintiff's request. The letter notified Plaintiff that OIP cannot act on the appeal until EOUSA makes an initial determination concerning the search for records. **Exhibit H**.

12. On August 26, 2005 EOUSA informed Plaintiff that his two free hours of search time have been exhausted and that additional three hours of search time will be used, which amounts to a fee of $84. The letter went on to explain that the Eastern District of Oklahoma has found 5 boxes of records. Since each box may contain between 2000 and 4000 pages, Plaintiff was informed that he may be facing further charges regarding search fees as well as copying fees. **Exhibit I**. Plaintiff has responded with an agreement to pay all fees associated with the processing of his request, although the final bill was not sent to Plaintiff because the processing of his request was not finished. Since this August 26 letter has been sent to the Plaintiff, I addition to the released materials, EOUSA has sent out an accounting of fees owed by the Plaintiff. The fee letter will show that Plaintiff owes for 3 hours of search time (the first 2 hours

are provided free of charge), as well as copying fees for 227 pages of records taking into consideration that the first 100 pages are also provided free of charge.

13. On May 19, 2006, the requester was notified that records had been located in the US Attorney's Office for the Eastern District of Oklahoma. Accompanying this letter were 108 pages of processed material that were released in full ("RIF"), and 219 pages that were released in part ("RIP"). Plaintiff was also notified that 445 pages of materials were withheld in full ("WIF"). Some of the records reviewed did not originate in the EOUSA. Accordingly, the letter informed Plaintiff that 5108 pages were referred to the ATF and 959 pages to the DEA, for a direct response to the Plaintiff. In addition, the requester was advised that FOIA exemptions 5 U.S.C. §552 (b)(3), (b)(5), (b)(7)(C), and PA Exemption 5 U.S.C. §552a (j)(2), had been applied to the withheld material. **Exhibit J**.

## ADEQUACY OF THE SEARCH

14. After receiving Plaintiff's FOIA request (**Exhibit A**), EOUSA undertook the search for documents responsive to Plaintiff's FOIA request. Upon receiving Plaintiff's FOIA request, the EOUSA forwarded the request to the FOIA Contacts for the Northern, Eastern, and Western Districts of Oklahoma. Each United States Attorney's Office maintains the case files for criminal matters prosecuted by that office. The FOIA Contacts began a systematic search for records on Shelby Sells to determine the location of any and all files relating to him in order to comply with the request. FOIA Contacts searched for records from the case files in that case. After a search of the computer systems the FOIA Contacts for the U.S. Attorney's Office for the Northern and Western Districts of Oklahoma reported that they found no records responsive to

Plaintiff's request. The FOIA Contact for the Eastern District of Oklahoma informed EOUSA that records responsive to Plaintiff's request were found in that office.

15. To accomplish the search, the FOIA Contacts looked for records in the computer tracking system for the USAO/OKE, OKW, and OKN that were listed under the name "Sells". The FOIA Contacts used a computer case tracking system in the U.S. Attorney's Office to determine all possible locations of responsive files.

16. The systems utilized in searching for records pertaining to Plaintiff were the Public Access to Court Electronic Records ("PACER"), and the Legal Information Office Network System ("LIONS"). The LIONS system is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations. By use of the LIONS system, the user can access databases which can be used to retrieve the information based on a defendant's name, the USAO number (United States' Attorney's Office internal administrative number), and the district court case number. In this case, the FOIA Contact used the LIONS system to locate records based upon the name "Sells".

## EOUSA'S DISCLOSURE DETERMINATION

### Identification of Responsive Records

17. All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Eastern District of Oklahoma, ("USAO/OKE"). The records are maintained in the Criminal Case File System (Justice/USA-007) entitled <u>United States v. Shelby Sells</u>. The case pertains to the investigation, prosecution, and conviction of the Plaintiff for his crimes involving the production and distribution of methamphetamines commonly referred to as

"crystal meth".

18. There are no other records systems or locations within the District of Oklahoma in which other files pertaining to Plaintiff's criminal case, were maintained.

## VAUGHN INDEX

19. In order to explain the withholdings made by EOUSA, I prepared a Vaughn Index, which is attached to this Declaration as **Exhibit K**. The Vaughn Index was developed pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.D.C. 1973). As shown by the Vaughn Index, EOUSA withheld in full 445 pages and released in part 290 pages of documents. The Vaughn Index attached to this declaration describes each document and sets forth the reasons for EOUSA's decisions regarding withholding information for each document.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

20. EOUSA processes all requests made by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law. Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records. The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions as authorized by 5 U.S.C. §552a(j)(2). Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials

were necessarily compiled for law enforcement purposes. Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA. Accordingly, EOUSA next reviewed the records under the provisions of the FOIA.

### JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA
#### EXEMPTION 5 U.S.C. §552(b)(3)

21. Exemption (b)(3) exempts from mandatory release information specifically disallowed from disclosure by another statute. This exemption permits the withholding of information prohibited from disclosure by another statute if that statute either (A) requires that the matters be withheld from the public without discretion, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. 5 U.S.C. §552(b)(3).

22. Rule 6(e) of the Federal Rules of Criminal Procedure regulates the disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as a "statute" for purposes of Exemption (b)(3), it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the substance in which the material is contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

23. EOUSA applied Exemption (b)(3) in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure categorically to deny this part of the request. The reasons these records were withheld are because part of the materials requested were specifically identified as grand jury materials, which, if released, would impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought evidence to develop its case, how the Government developed its case, and whom the Government relied upon to develop the elements of the alleged crimes. Accordingly, documents responsive to Mr. Sells' FOIA request relating to Grand Jury materials were withheld in full.

24. EOUSA applied exemption (b)(3) to Document 5 and Documents 19-21.

<u>EXEMPTION 5 U.S.C. §552(b)(5)</u>

25. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

26. EOUSA asserted this exemption to protect information pursuant to the attorney work product and deliberative process privileges to the following documents listed in the Index: Document 4, Document 7, and Documents 13-17.

27. The records or portions of records to which the attorney work product privilege was applied reflect such matters as trial preparation, trial strategy, interpretations, and personal

evaluations and opinions pertinent to Plaintiff's criminal case. The records contain deliberatinos concerning asset forfeiture decisions. The records were prepared by or at the request or direction of an attorney, and made in anticipation of or during litigation. The substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to this privilege.

28. In addition, these same records, in certain instances, contain deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against the Plaintiff. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making. The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

## EXEMPTION 5 U.S.C. §552(b)(7)(C)

29. Exemption (b)(7)(C) of the FOIA exempts from mandatory release records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All information at issue in this case was compiled for law enforcement purposes in order to assist in the investigation and prosecution of Shelby Sells.

30. Exemption (b)(7)(C) was applied to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted efforts to gain further access to such persons or to personal information about

them, or cause them harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences, all to their detriment. EOUSA determined that information contained in such references could not be disclosed and should be deleted and segregated in all the documents to which this exemption was applied.

31. EOUSA determined that there was no public interest in the release of this privacy-protected information because dissemination of the information would not help explain the activities and operations of the EOUSA or the United States Attorney's office. No public interest would counterbalance the law enforcement and third party individuals' privacy right in the information withheld under this exemption. Moreover, no individual provided any authorization or consent to disclose such information.

32. EOUSA applied this exemption to Documents 1-16 and Document 18 listed in the attached Index.

## SEGREGABILITY

33. Each document, and each page contained in each document, was evaluated for segregability. All information withheld was exempt from disclosure pursuant to a FOIA exemption. Where a document was withheld in its entirety, EOUSA determined that no meaningful portions could reasonably be released without destroying the integrity of such document as a whole. Plaintiff was provided with all information which did not reveal information protected by statute or which, if disclosed, would violate the personal privacy of third parties. The documents withheld in full by EOUSA were carefully analyzed for segregability purposes. No reasonably segregable non-exempt information was withheld from

Plaintiff.

## CONCLUSION

34. Each step in the handling of Mr. Sells' request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19th, 2006.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit