To: Director

Executive Office for United States Attorneys

600 E Street, NW

Washington, D. C.  20530

Date: April 30, 2005

RECEIVED

2005 MAY 11  PM 4:06

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Dear Sir:

This is a request under the Freedom of Information Act.

I request a copy of any and all documents, records and information that any part of your agency has or had in its possession that is in any way connected to, related to, or even remotely in reference to my name.

The following particulars may assist you in your search:
All records used to prosecute me or to contemplate prosecuting me in

all the districts in the entire state of Oklahoma, inclusive.

I will pay reasonable search and reproduction fees.

My biographical data is as follows:

FULL NAME  SHELBY WAYNE SELLS

DATE OF BIRTH :  December 7, 1944

PLACE OF BIRTH :  Sallisaw, Oklahoma

SOCIAL SECURITY NUMBER:  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

I declare under penalty of perjury that the aforementioned biograph-ical data is that of my person and the signature below is my true and correct original signature signed under oath.

Executed this 30th day of _____ April _____ , 2005 .

By  X _Shelby Sells_
Affiant Herein

(28 USC Section 1746)

Name:  SHELBY SELLS

Reg. No.  04134-063





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN - 6 2005

Request Number: 05-1492_____  Requester: Shelby W. Sells_____

Subject: Self  (OKN)_____

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number. Please give us this number if you write about your request.  If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  Please do not send any payment at this time!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

                    Sincerely,

                    Marie A. O'Rourke
                    Assistant Director

Form No. 001 -6/05

**B**



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

**U.S. Departr.    t of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN – 6  2005

Request Number: 05-1493 _____ Requester: Shelby W. Sells _____

Subject: Self (OKE) _____

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

        Sincerely,

        Marie A. O'Rourke
        Assistant Director

Form No. 001 -6/05

 **U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                    *FAX (202) 616-6478*
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

**U.S. Departn      : Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*    JUN - 6 2005
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 05-1494_____    Requester: Shelby W. Sells_____

Subject: Self  (OKW)_____

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director

Form No. 001 -6/05

D



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*                (202) 616-6757
*600 E Street, N.W.*                            FAX (202) 616-6478
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

 **U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

Request Number: __**05-1494**__          Date of Receipt: **May 11, 2005**

Requester: __**Shelby W. Sells**__

Subject: __**Self / Western Oklahoma**__

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the ~~JUN 2~~ paragraph(s) checked below apply:

1.  [ ]   A search for records located in this office has revealed no records.

2.  [ X ]   A search for records located in the United States Attorney's Office(s) for the **Western District of Oklahoma** has revealed no records.

3.  [ ]   The records which you have requested cannot be located.

4.  [ ]   This office is continuing its work on the other subject/districts mentioned in your request.

5.  [ X ]   This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02



**U.S. Departı ̄ t of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAR 0 9 2006**

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex        Re:    Appeal No. 05-2267
Post Office Box 3000                        Request No. 05-1494  DL
Forrest City, AR  72336                     BVE:GLB:MJS

Dear Mr. Sells:

    You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning yourself.

    The EOUSA has administratively separated your Freedom of Information Act request into multiple files, corresponding to each of the judicial districts in which you requested a search. The subject of this appeal is EOUSA request number 05-1494, which relates to the EOUSA's search for records responsive to your request in the United States Attorney's Office for the Western District of Oklahoma.  The EOUSA is continuing to process your search request for the other district you selected.  You may have separate rights of appeal to this Office related to those files.

    After carefully considering your appeal, I have decided to affirm the action of the EOUSA.  The EOUSA informed you that it could find no records responsive to your request located in the Western District of Oklahoma.  It has been determined that this response is correct.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                            Sincerely,

                            Daniel J. Metcalfe
                            Director

                            By:
                            Janice G. McLeod
                            Senior Counsel

**F**

**FOIA APPEAL**

To: Co-Director

Office of Information & Privacy

Department of Justice

FLAG BUILDING, Suite 570

Washington, D. C. 20530

Date: August 4, 2005

RE: FOIA to EOUSA

Request No. 05-1493; 05-1492

Date of Request: 4/30/05

1. 05-2617
2. 05-2618

Dear Sir:

This is an appeal under the Freedom of Information Act.
Please review the action or inaction of the following agency:

EOUSA OKE and OKN                in conjunction to my request for records.
        (check appropriate box or boxes below)

| | |
|---|---|
| X | The agency has not responded and the time limits within which to do so has expired. |
| ___ | The agency has claimed that no records could be found and I want to appeal that "no records" response. |
| ___ | The agency has blanket denied release of records. |
| ___ | The agency has released certain records and withheld some by claiming certain exemptions. |
| ___ | The agency has withheld certain records but has not claimed any exemptions or stated any reason for the deletions. |
| ___ | The agency has claimed there are no records available or they have been destroyed and I believe they have not made a sufficient search. |
| ___ | The agency has stated records were destroyed but has not stated where, how, when and for what reason and by whome they were destroyed and under what provision of the law. |
| X | I believe the agency action or inaction otherwise unjust for the following reason : |

Violations of the time limits of the FOIA within which to

process my requests.

────────────────────────────────

Appellant believes the agency or public body has acted arbitrary and/or capricious and he asks for review of the agency action/inaction. The burden is on the agency or public body to show the material withheld fits within the parameters of the exemptions claimed. The Appellant asks that the agency itemize and index the withheld material and include detailed affidavits & explanations in support of the justifications for refusal to disclose.

Sincerely,
X _Shelby Sells_

(name)  Shelby Sells

(No.)  04134-063

Federal Correctional Complex

Box 3000 (MEDIUM)

Forrest City, Arkansas 72336

OFFICE OF INFORMATION
AND PRIVACY

AUG 2 3 2005

RECEIVED

cc: file

NOTICE:  Failure to respond to this administrative appeal in a timely manner will result in civil action suit.





**U.S. Department of Justice**

RECEIVED

Office of Information and Privacy

2005 SEP -7 PH 2:05

Telephone: (202) 514-3642                    *Washington, D.C. 20530*

SEP 0 6 2005

Mr. Shelby Sells
Register No. 04134-063
Federal Correctional Complex
P.O. Box 3000
Forrest City, AR  72336

Re:  Request Nos. 05-1492 and 05-1493

Dear Mr. Sells:

This responds to your letter dated August 4, 2005, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your requests for access to records.

I have notified the EOUSA of your communication.  It is my understanding that the EOUSA is still processing your requests.  Although the Act authorizes you to treat the failure of the EOUSA to act on your requests within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA.  Our function is limited to the review of those records to which access is in fact denied.  You may appeal again to this Office when the EOUSA completes its action on these particular requests if any of the material is denied.  We will then open a new appeals and review the EOUSA's substantive action on your requests.

In the event that the EOUSA still has not responded to your requests at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeals and bring action in an appropriate federal court.  I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

Sincerely,

Richard L. Huff
Co-Director

RLH:PAJ:ClH







**United States Dep. .ment of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff | *Suite 7300, Bicentennial Building* | *(202) 616-6757*
| *600 E Street, N.W.* | *FAX (202) 616-6478*
| *Washington, DC 20530* |

Request Number: 05-1493

Requester: Shelby W. Sells                                    AUG  26

Dear Mr. Sells:

 We are currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge.  We estimate that an additional three hours at least will be required to complete the search for the records you requested. Our fee for search time is $28 per hour, thus resulting in a fee for search time of $84.  In addition, the Eastern District of Oklahoma has informed us that they have about 5 boxes of documents in this case, involving several defendants.  Normally a box contains between 2000 and 4000 pages of records.  We do not know at this time how many responsive records would be found by a search through these boxes, nor do we know how many pages would eventually be released to you.  Although not all of these pages are likely to be released to you, you should note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free.  Therefore it is clear that charges will exceed $25.

 In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees.  If you wish to reduce the amount of fees, you may reformulate your request.  Records identified for release after processing will not be released until payment has been received.

 In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request.  Please complete the attached form and return to the above address.  If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

 Sincerely,

 L C S

 Marie A. O'Rourke
 Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington D.C., 20530.

Form No. 017p1 - 4/2000    **THIS IS NOT A BILL.  DO NOT SEND MONEY!**



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: Sells, Shelby                                    Request Number: 05-1493

Subject of Request:  Self/OKE

Dear Requester:

 Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

 To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

 The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ X ] partial [    ] full denial.

 Enclosed please find:

  108    page(s) are being released in full (RIF);
  219    page(s) are being released in part (RIP);
  445    page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

 The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

<table>
<tr><td colspan="3">Section 552</td><td>Section 552a</td></tr>
<tr><td>[    ] (b)(1)</td><td>[    ] (b)(4)</td><td>[    ] (b)(7)(B)</td><td>[ X ] (j)(2)</td></tr>
<tr><td>[    ] (b)(2)</td><td>[ X ] (b)(5)</td><td>[ X ] (b)(7)(C)</td><td>[    ] (k)(2)</td></tr>
<tr><td>[ X ] (b)(3)</td><td>[    ] (b)(6)</td><td>[    ] (b)(7)(D)</td><td>[    ] (k)(5)</td></tr>
<tr><td>FRCP 6 (e)</td><td>[    ] (b)(7)(A)</td><td>[    ] (b)(7)(E)</td><td>[    ] _____</td></tr>
</table>

Ethics in Government, 5 USC; App. 4, § 107; 5 CFR Section § 2634.04

 [    ] In addition, this office is withholding grand jury material which is retained in the District.

Form No. 021- no fee - 2/06

[ X ]  A review of the material revealed:

    [ X ]  _____6067_____ page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you: 5108 to ATF and 959 to DEA_____

    [ X ]  There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    [  ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

    [ X ]  See additional information attached.

    This is the final action on this above-numbered request. You may **appeal** this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                       Sincerely,

                       William G. Stewart II
                       Acting Assistant Director

Enclosure(s)

Form No. 021 - no fee -2/06



| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br>**"RIF"- Released in full**<br>**"RIP"- Released in part**<br>**"WIF"-Withheld in full**<br>**"NS"  - Deemed not segregable after review for segregability.** |
| 1 | 124 | Subpoena In A Criminal Case<br><br>Multiple subpoenas sent to different recipients. Redactions consist of names and office, home, and cell phone numbers of individuals the subpoena was served on and third parties | (b)(7)(C), j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 2 | 31 | Letters from Assistant United States Attorney to various recipients concerning discovery and discovery receipt.<br><br>Redactions consist of names of other defendants. | (b)(7)(C), j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 3 | 11 | Letters acknowledging receipt of discovery materials.<br><br>Redactions consist of names of other defendant. | (b)(7)(C), j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. |

| Doc. # | Pages | Description | Exempt/<br>Status | Justification |
|---|---|---|---|---|
|  |  |  |  | There are no public interests to weigh. |
| 4 | 23 | Document titled "Criminal Case History Report"<br><br>Record describes general information on Plaintiff's case such as court dates, opposing counsel members, sentencing, and case comments.<br><br>Redacted social security number of Shelby Sells, other defendants' names, and comments made by the Assistant United States Attorney discussing case history, legal opinions, and conversations with agents. | (b)(5)<br>(b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessment of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 5 | 4 | Letters and fax copies of the letters from Assistant United States Attorney asking if the recipient has received discovery and a grand jury transcript.<br><br>Redacted name of the grand jury witnesses. | b3,<br>FRCrP6(e)<br><br>(b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(3) of the Freedom of Information Act ("FOIA") protects information specifically exempted from disclosure by statute. Because FRCrP 6(e) was approved by Congress, it is considered a statute for purposes of this exemption. FRCrP 6(e) protects the secrecy of the grand jury process. The release of the name of the witness or other contextual information that could lead to the derivation of the name would compromise the integrity of the grand jury system. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|--------|-------|-------------|----------------|---------------|
| | | | | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 6 | 2 | Letter and faxed copy of the letter from Assistant United States Attorney concerning s witnesses' safety after completion of testimony.<br><br>Redacted name of third party witness. | (b)(7)(C), j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, victims, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 7 | 7 | Fax cover sheets between two Assistant United States Attorneys with handwriting and case comments.<br><br>Redacted handwriting and case comments regarding trial strategy. | (b)(5), (b)(7)(C), j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
|  |  |  |  |  |
| 8 | 3 | Assistant United States Attorney's Case file cover pages.<br><br>Redacted names of government agent and third parties. | (b)(7)(C) j(2) **RIP** | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh |
| 9 | 2 | Letter from the Office of the Clerk of the United States Court of Appeals concerning filing of transcript order forms.<br><br>Redacted another defendant's name. | (b)(7)(C), j(2) **RIP** | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 10 | 1 | Document titled "Defendant Information Relative to a Criminal Action- In US District Court"<br><br>Document is a checklist filled out by an Assistant United States Attorney concerning the proceeding and the defendant's custody.<br><br>Redacted a DEA special agent's name. | (b)(7)(C)<br>j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh. |
| 11 | 1 | Letter from Acting Assistant Attorney General John Malcolm to the Honorable Seldon J. Sperling regarding the dual prosecution defendants and request for waiver of <u>Petite</u> policy.<br><br>Redacted another defendant's name. | (b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect identifying information of third parties and witnesses, who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |
| 12 | 10 | Letter from Assistant United States Attorney to defense attorneys regarding an agreement that the government will not use information provided by witnesses against them if they cooperate with the government. | (b)(7)(C),<br>j(2)<br>**RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|--------|-------|-------------|----------------|---------------|
|        |       | Redacted names of potential witnesses who would cooperate with the government. |  |  |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br>**"RIF"- Released in full**<br>**"RIP"- Released in part**<br>**"WIF"-Withheld in full**<br>**"NS"  - Deemed not segregable after review for segregability.** |
| 13 | 221 | This document is a compilation of typed and handwritten notes taken down by an attorney during the course of case preparation.<br><br>It contains charts, diagrams, lists of names of various individuals, and notes about trial strategy relating to the case.  Large percentage of the document is made up of possible question scenarios to be resolved as well as asked during the trial and lists of objections and the reasoning behind them. | (b)(5), (b)(7)(C), j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document.  The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case.  It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice.  The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability.  Disclosure of any portion of the document would disclose attorney work product and the deliberative process thus the document is not segregable. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 14 | 8 | List of possible members of the jury.<br><br>The document contains names of individuals along with their occupation as well as that of their spouses. Some pages are divided into groups of individuals which may be favored by the prosecution and some by the defense. | (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process thus the document is not segregable. |
| 15 | 76 | List of possible witnesses and exhibits created in preparation for trial.<br><br>This is a compilation of various | (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|--------|-------|-------------|----------------|---------------|
|  |  | information concerning third party individuals, providing their personal information in the form of addresses, occupation, phone numbers and other contact information.  In some cases, the possible witnesses are linked to items which could be used as exhibits at trial.  A large percentage of these pages is marked with handwriting containing attorney's thoughts and ideas and labeled in bold print "Draft" |  | contains the thoughts and impressions of an attorney.  Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice.  The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.  Additionally, Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy  There are no public interests to weigh.  No page was determined segregable after review for segregability.  Disclosure of any portion of the document would disclose attorney work product and the deliberative process thus the document is not segregable. |
| 16 | 53 | Attorney communication.  Various letters between attorneys involved in the requester's criminal case.  As there were co-defendants, other attorney information, not relevant to the requester is also revealed.  Information conveyed between the attorneys is made up of types of discovery materials received.  The | (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document.  The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case.  It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.  Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice.  The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| | | document also contains names of other third parties providing information. | | making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 17 | 20 | Legal research pages printed off a legal database.<br><br>These records show the research and strategy used by the attorneys in preparing for the case.  They provide insight into the approach and the thought process used to convict the requester. | (b)(5), j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document.  The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case.  It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| Doc. # | Pages | Description | Exempt/ Status | Justification |
|---|---|---|---|---|
| 18 | 3 | Law enforcement records from Oklahoma Highway Patrol.<br><br>Documents contain descriptions of vehicles along with the contact information about the owners. The reports indicate where and when the vehicles were encountered as well as give detailed accounts of the items recovered from the vehicles. | (b)(7)(C), j(2) **WIF** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |
| 19 | 19 | Grand Jury records | (b)(3) **WIF** | Pursuant to FRCP Rule (6)e, all records which pertain to the Grand Jury proceeding are withheld due to the danger of exposing the scope and nature of the Grand Jury investigation. |
| 20 | 37 | Grand Jury transcripts | (b)(3) **WIF** | Pursuant to FRCP Rule (6)e, all records which pertain to the Grand Jury proceeding are withheld due to the danger of exposing the scope and nature of the Grand Jury investigation.. |

| 21 | 7 | Internal governmental records. Various documents used internally by the government agencies labelled "Notice to Close Legal Files", "Confidential Conflict of Interest Certification", "Fax Cover Sheet", and "Criminal Matter Authorization and Declination" | (b)(3) (b)(5), (b)(7)(C), j(2) **WIF** | Exemption (b)(3) is used pursuant to the Ethics in Government Act concerning the disclosure of Confidential Conflict of Interest Certifications signed by attorneys involved in the proceedings.<br><br>Exemption (b)(5) is used to withhold records existing solely for the internal use by the government agencies, generally for the communication among intergovernmental departments.<br><br>Exemption (b)(7)(C) is asserted herein to protect the names and other identifying information of third parties and witnesses, on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability |
|   |   |   |   |   |