UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SHELBY SELLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-0077 (RJL) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*, | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION
August 18, 2006

This matter, brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on plaintiff's motion for partial summary judgment on the issue of exhaustion of administrative remedies, defendant Executive Office for United States Attorneys' ("EOUSA") cross-motion for summary judgment, and the remaining defendants' cross-motion for summary judgment and opposition to plaintiff's motion with respect to the Drug Enforcement Agency ("DEA").[1] Upon consideration of the parties' submissions and the entire record, the Court will grant in part and deny in part plaintiff's summary judgment motion, grant defendants' cross-motions for summary judgment and dismiss the case.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a

---

[1] In addition to the EOUSA and the DEA, plaintiff has named the following agency components: the Department of Justice's Criminal Division, the Bureau of Alcohol, Tobacco and Firearms, the Bureau of Prisons, the Internal Revenue Service, the Federal Bureau of Investigation, and the United States Marshals Service.

FOIA action, the Court may grant summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the [withheld] documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In reviewing a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h).

By Order of April 18, 2006, plaintiff was given until May 15, 2006, to respond to the defendants' cross-motion for summary judgment addressing the merits of the FOIA claims. By Order of June 6, 2006, plaintiff was given until July 10, 2006, to respond to the EOUSA's motion for summary judgment also addressing the merits. Plaintiff has not responded to either motion and, therefore, has conceded defendants' factual assertions except those pertaining to the exhaustion issue.

## II. DISCUSSION

Plaintiff asserts that no genuine issue of material fact is presented on whether he has exhausted his administrative remedies by completing the administrative appeal process. *See* Pl.'s Motion for Partial Summary Judgment and supporting exhibits. Defendants "do not contest that Plaintiff has exhausted his administrative remedies," except as to the claims against the DEA. Memorandum in Support of Defendants' Motion for Summary Judgment and Defendant DEA's

Opposition to Plaintiff's Motion for Summary Judgment at 2, n.5. The DEA's exhaustion defense is based not on plaintiff's completion of the administrative process but rather on his failure to pay, or commit to paying, the search fee of $784.00 assessed by letter dated March 30, 2006. *See id.*; Def's Mot., Declaration of William C. Little, Jr. ("Little Decl."), Exhibit E. The payment or waiver of fees or an administrative appeal from the denial of a fee waiver request is a prerequisite to judicial review of a FOIA complaint. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 518 U.S. 1032 (1995)). Plaintiff has not refuted the DEA's evidence establishing his non-payment of the fees. *See* Little Decl. ¶¶ 22-24. The DEA therefore is entitled to judgment as a matter of law.

With respect to the claims against the remaining defendants, plaintiff has not opposed the summary judgment motions. The record therefore does not present a genuine issue of material fact with respect to the defendants' claim that they have satisfied their obligations under the FOIA by releasing all reasonably segregable responsive records. Based on the defendants' uncontested facts and supporting declarations and exhibits, s*ee* generally Defendants' Statement of Material Facts Not in Genuine Dispute [Doc. No. 11-1]; Defendant EOUSA's Statement of Material Facts Not in Genuine Dispute [Doc. No. 15-1], the Court concludes that the defendants are entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

                                                           _____
                                                           Richard J. Leon
                                                           United States District Judge